JOHN ELDRIDGE ET AL. V. MAGGIE PARISH ET AL.

No. 362.

1. Reconvention—Disclaimer—Harmless Error.—Plaintiff's suit was for block 12, and part of the defendants in their answer asked to have their title to block 6 quieted as against plaintiff and certain other defendants. Plaintiff and said other defendants then filed a disclaimer as to block 6, and judgment therefor was rendered accordingly. *Held*, that this proceeding was not reversible error as to the parties disclaiming, since they were not injured thereby.

2. Limitation—Ten Years Possession—Agreement to Vacate.—An agreement to vacate land for a valuable consideration paid will stop the run-

ning of the ten years statute of limitation, and possession retained thereafter will not be regarded as adverse.

3. Same—Homestead—Joinder of Wife in Agreement.—The effect of such agreement to vacate, made by the husband, is not defeated by the failure of the wife to join therein, although they are occupying the land as a home, the period of limitation being not yet complete in their favor.

APPEAL from Clay. Tried below before Hon. GEORGE E. MILLER.

*H. E. Eldridge* and *Swan & Swain*, for appellants.—In order for the defendants to hold the land by limitation without a deed, they must have held peaceable and adverse possession thereof for ten years. An agreement for a valuable consideration to vacate the premises during said time suspends such limitation until the same again becomes adverse, and the ten years must run from the time it again becomes adverse. Chance v. Branch, 58 Texas, 490; Bracken v. Jones, 63 Texas, 184; Flanagan v. Pearson, 61 Texas, 302.

*L. C. Barrett*, for appellees.—The homestead of the husband and the wife could not be conveyed without the consent of the wife, taken in the manner provided by law.

HEAD, ASSOCIATE JUSTICE.—On March 24, 1890, appellant John Eldridge filed his petition in trespass to try title against Maggie Parish, to recover block number 12 in the Howeth and Eldridge Addition to the city of Henrietta, in Clay County. On December 20, 1890, he filed his first supplemental petition, making appellees William Parish, Florence Curtis and her husband, Una Curtis, Anna Hoskins and her husband, Thomas Hoskins, Green Parish, James Parish, Anna Smith and her husband, Van Smith, also parties defendant. On March 25, 1891, said appellant filed another supplemental petition, alleging, that since the commencement of said suit it had developed that W. W. Howeth and William Johnson were interested in the land in controversy, and asked that they be made parties defendant.

On June 10, 1891, appellees filed their second amended original answer, in which they plead over in reconvention against all the appellants, claiming to own all the said block 12, and also lots 5 and 6 in block 6 of the same addition. This answer prayed that Howeth and Johnson be made parties, and that appellees be quieted in their title to all of the land therein described. After the filing of this answer, appellant Eldridge filed an amended original petition, disclaiming all interest in the west half of block 12 and in said lots 5 and 6, block 6. Appellants Howeth and Johnson also filed appropriate pleading, disclaiming all interest in the east half of block 12 and in lots 5 and 6, block 6.

All of the appellants objected to the court's allowing appellees to litigate their claims for lots 5 and 6, block 6, in this suit. We are not prepared to hold that the action of the court was strictly correct in allowing appellees to assert by their plea in reconvention in the suit instituted by appellant Eldridge to recover block 12, their right to lots 5 and 6 in a different block, but as all of the appellants disclaimed any interest in these lots, we are unable to see how they were injured by such proceeding, and we would not for that cause alone reverse the judgment.

Appellees claim block 12 under the statute of limitation of ten years; and upon the trial in the court below, appellants requested the following charge: "An agreement to vacate a lot for a valuable consideration will stop the statute of limitation. And if you find that B. F. Parish agreed with Eldridge, Howeth, and Johnson to vacate block number 12 in consideration that they would deed him lots 5 and 6, in block 6, and that said Eldridge, Howeth, and Johnson did deed said lots to him, you will find for plaintiff said east half of block 12."

There is no question but that the evidence introduced upon the trial raised the issue presented by the charge, nor that the agreement referred to therein, if made at all, was within less than ten years before the institution of this suit. The B. F. Parish referred to in this charge was the husband of appellee Maggie Parish, and the father of the other appellees, and it was by reason of his possession of the lot as community property of himself and wife that they claimed to have acquired the title thereto. We believe that an agreement of the kind indicated in the requested charge would have had the effect to show that the possession of Parish thereafter was not adverse and hostile to the title of appellants, and would therefore have defeated the claim of appellees under the statute, it being undisputed that ten years had not elapsed since it was made. Mhoon v. Cain, 77 Texas, 316; Railway v. Wilson, 83 Texas, 157; Warren v. Frederichs, 83 Texas, 384.

Appellees, however, contend that the charge as given by the court was sufficient upon this branch of the case. The charge referred to is as follows: "If you find and believe from the evidence that on the 23rd day of July, 1880, Parish agreed to move off the land in controversy and acknowledged the title of Howeth, Eldridge, and Johnson thereto, and remained on said land by permission of said W. W. Howeth, John Eldridge, and William Johnson, limitation would not run during the time he was in possession by permission of Howeth, Eldridge, and Johnson."

The objection to this charge is, that it only required the jury to exclude from the ten years the time that Parish occupied by permission of the parties named, and they might have understood that they had the right to add the time he was in possession before the agreement to the time that elapsed after he ceased to recognize the permission of these

parties, and thereby complete the term required by the statute, whereas the law requires ten consecutive years.

Appellees also contend, that the charge was not applicable to the facts of this case, because the land was the homestead of Parish and his wife, Maggie; and inasmuch as she did not consent in the manner required by law to the alleged agreement, it could not have the effect to stop the running of the statute. We can not agree with this view of the law. The husband has control of the community property, but of course can not dispose of the homestead without the consent of his wife. At the same time, we believe that his intention to claim adversely to the true owner is necessary to the acquisition of land as community property under our statutes of limitation. It has more than once been held, that if he permits an adverse occupancy for the period prescribed by the statute, the right of the wife is also barred, notwithstanding the homestead claim. Simonton v. Mayblum, 59 Texas, 7; Smith v. Uzzell, 61 Texas, 220; Hussey v. Moser, 70 Texas, 42. We therefore think the court erred, under the evidence admitted in this case, in refusing the charge requested by appellants.

We will not undertake a decision of the question as to whether or not appellants' title under the patent issued to Albert Eldridge, May 27, 1880, was superior to the claim of appellees under the first patent, issued to Forrester Johnson in 1874, as the parties seem to concede that this patent had been properly cancelled, and the questions arising thereon were not passed upon in the trial in the court below.

If Howeth and Johnson had in fact been made parties to the suit, as seems to have been the case, prior to the filing of appellant Eldridge's amended petition changing his claim from all of block 12 to the east half thereof, we do not think he could thereby deprive appellees of the benefit of their cross-action, filed while the whole block was in controversy. The other assignments need not be considered.

For the error above indicated, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 24, 1894.