## LANDRUM v. THOMAS.

(Court of Civil Appeals of Texas. Austin. June 26, 1912.)

1. APPEAL AND ERROR (§ 216*) — INSTRUCTIONS—OMISSIONS—REQUESTS.

An omission to charge on a particular issue may not be complained of, except by one who has offered and requested a proper charge on the subject; it not being enough that the requested charge, though improperly framed, so that it need not be given, calls attention to the omission.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216.*]

2. FRAUD (§ 65*)—MISREPRESENTATIONS—INSTRUCTIONS.

A requested charge to find for plaintiff, if defendant made a misrepresentation as to acreage of a tract and plaintiff relied on it, is bad, in not drawing a distinction between a misrepresentation which merely expressed an opinion, and was therefore not fraud, and one stated as a representation of a fact.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 72–74; Dec. Dig. § 65.*]

3. TRIAL (§ 261*)—INSTRUCTIONS — REQUESTS BAD IN PART.

A requested charge, having related not only to mutual mistake, but as much or more to fraud, and in the latter respect being bad, the requesting thereof did not put the court in error in not charging on mutual mistake.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 484, 660, 671, 675; Dec. Dig. § 261.*]

4. TRIAL (§ 256*)—INSTRUCTIONS — REQUESTS FOR AMPLIFICATION.

There being no affirmative error in a charge, a party, if desiring an elaboration or explanation in regard thereto, must submit an instruction properly framed, and not calculated to mislead in any particular.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

5. APPEAL AND ERROR (§ 1005*)—REVIEW—DENIAL OF NEW TRIAL.

Refusal to set aside a verdict, requested on the ground that it was not supported by the evidence, will not be disturbed; the evidence having been conflicting.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3876, 3948–3950; Dec. Dig. § 1005.*]

6. VENDOR AND PURCHASER (§ 343*)—SHORTAGE—MUTUAL MISTAKE—REMEDY.

Plaintiff, having bought land of defendant, paying therefor with other land and money, cannot recover damages for shortage in land bought, merely because of mutual mistake, there being no fraud, at least in the absence of allegation and proof that rescission, ordinarily the proper relief, could not be made, or would operate unfairly.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1023–1029; Dec. Dig. § 343.*]

Appeal from District Court, Williamson County; Chas. A. Wilcox, Judge.

Action by B. W. Landrum against E. M. Thomas. Judgment for defendant. Plaintiff appeals. Affirmed.

This is a suit by B. W. Landrum against E. M. Thomas, in which the plaintiff sought to recover damages growing out of a shortage in the sale of a tract of land. The defendant's answer included exceptions and a general and special denial. There was a jury trial, which resulted in a verdict and judgment for the defendant, and the plaintiff has prosecuted this appeal. Omitting formal parts, the case was submitted to the jury under a charge which reads as follows:

"Gentlemen of the Jury: In this case the plaintiff, B. W. Landrum, is suing the defendant, E. M. Thomas, for damages. The plaintiff alleges that on or about September 8, 1908, he entered into a contract, whereby the defendant agreed to sell to him, and did sell to him, a certain tract of land, described in plaintiff's petition, in consideration of certain property conveyed by plaintiff to defendant, and of certain money paid by plaintiff to defendant. Plaintiff alleges that the defendant misrepresented the quantity of land contained in the tracts so sold to plaintiff, and brings this suit for damages on account of such alleged shortage. For a more particular statement of the allegations of plaintiff's petition, you are referred to his said original petition, which is herewith delivered to you.

"The defendant, Thomas, answers by denying the allegations in plaintiff's petition, and specially denies that he was guilty of any fraud or misrepresentation, as alleged by plaintiff, and says that he made no representation of fact as to the quantity of said land. For a full statement of defendant's allegations, you are referred to his original answer, which is herewith delivered to you. You are given the following as the law applicable to this case:

"1. You are the exclusive judges of the facts proven, of the credibility of the witnesses, and the weight to be given to the testimony; but you are bound to receive the law from the court, which is herewith given you, and be governed thereby.

"2. The burden is upon the plaintiff to prove the material allegations in his petition necessary to entitle him to recover by a preponderance of the evidence.

"3. It is shown by the uncontradicted evidence that on or about the 8th day of September, 1908, the defendant, E. M. Thomas, joined by his wife, sold to the plaintiff the tracts of land described in plaintiff's petition, in consideration of certain property deeded by plaintiff to defendant, and for the further consideration of certain cash paid by plaintiff to defendant, and the assumption by plaintiff of certain notes due by defendant.

"Now, if you believe from a preponderance of the evidence that, while negotiations for

the sale of said land were pending, the defendant, E. M. Thomas, represented to the plaintiff, B. W. Landrum, as a representation of fact, that the said two tracts of land so conveyed, contained in the aggregate 753½ acres of land, and if you believe that the plaintiff relied upon said representations (if any) and believed the same to be true, and was thereby induced to purchase said land, and if you further believe that said land contained materially less than 753½ acres, then you will find for the plaintiff, and assess his damages at such proportionate part of the total consideration paid by Landrum to Thomas as the amount of the shortage in said land bears to the quantity of land as represented by said Thomas (if you find such representations were made).

"Unless you find for the plaintiff under the foregoing instructions, then you will find for the defendant."

W. M. Allison, of Georgetown, for appellant. T. J. Lawhon, of Taylor, for appellee.

KEY, C. J. (after stating the facts as above). The assignments of error presented in appellant's brief present substantially the following contentions: First, error in the court's charge, because of the omission to submit the question of mutual mistake; second, the refusal of an instruction, asked by appellant, which it is claimed would have cured the alleged error in the court's charge; and, third, that the verdict is not supported by the testimony.

[1] As to the first question, the appellant contends that, if the charge requested by him was not properly framed, it was sufficient to call the attention of the court to the question of mutual mistake, and therefore it was reversible error for the court not to charge the jury upon that phase of the case. While there are some decisions in this state which seem to support the contention referred to, later cases decided by the Supreme Court of this state hold that a case should not be reversed merely on account of an omission to charge upon a particular issue, unless the complaining party has requested a proper charge upon the subject. Railway Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538.

[2-4] As to the second question, the charge which was refused reads as follows: "If you believe from a preponderance of the evidence that at the time defendant, Thomas, sold said land to the plaintiff, Landrum, that said Thomas and said Landrum each believed that the two tracts of land conveyed contained in the aggregate 753½ acres and that said parties were mutually mistaken as to the quantity of land, and that the said Thomas represented said quantity as being 753½ acres, and said Landrum was ignorant as to the number of acres, and believed and relied upon the representations of said Thomas, and was thereby induced to

purchase and pay for said land as 753½ acres, then you will find for plaintiff, and assess the damages as given in the main charge."

We hold that no error was committed in refusing to give that instruction, because it was not properly framed. It made no distinction between a representation made as an opinion only and a representation intended as the statement of a fact. We think the charge quoted relates as much, if not more, to the question of fraud than to mistake; and we hold that if the representation referred to was merely expressed as an opinion, and not as the statement of a fact, it did not constitute a fraud. If it was intended and stated as a representation of fact, and appellant was misled and induced thereby to make the trade referred to, then such representation, if false, constituted a fraud, and entitled appellant to recover damages, although appellee may have believed that the representation was true; and it would not have been improper for the court to have so instructed the jury. But the court's charge did not instruct the jury that Thomas' knowledge or want of knowledge, or his good or bad faith, had anything to do with the case, but did instruct them that, if he made a misrepresentation as a matter of fact as to the quantity of land conveyed to appellant, Landrum, and if they found the other necessary facts, to find for Landrum. There was no affirmative error in that charge, and, if appellant desired any elaboration or explanation in reference thereto, he should have submitted an instruction properly framed, and not calculated to mislead the jury in any particular.

[5] As to the third question, if the jury believed the testimony given by the defendant, Thomas, the latter was entitled to the verdict that was rendered for him. There was a direct conflict between his testimony and that given by the plaintiff, and it was the peculiar province of the jury to determine which was the more credible, and their decision upon that point, and the action of the trial court in refusing to set it aside, ought not and will not be overruled by this court.

[6] In conclusion, it is deemed proper to say that it is doubted if the question of mutual mistake, otherwise than as involved in the question of fraud, has any application to this case. In other words, if both Thomas and Landrum were honestly mistaken as to the number of acres in the tracts of land conveyed by the former to the latter, and Thomas did nothing which in law constituted a fraud, it does not follow that Landrum would be entitled to maintain an action against Thomas and recover a sum of money as damages. While equity will afford relief as to contracts and other transactions founded upon mutual mistake, such relief

should be fair and just to each party alike. In such cases it would seem that rescission of the contract and a restoration of each party to the position he occupied before the contract was made would be the proper relief, unless it was alleged and proved that some other would be more just and equitable. In this case appellant did not ask for a rescission of the contract, nor allege any facts showing that rescission could not be made or would operate unfairly, but merely sought to recover damages. The uncontroverted testimony shows that the sale of the land was not at an agreed price per acre, but was a sale of the two tracts in gross, and that Thomas agreed to accept in part payment certain real estate which was conveyed to him by Landrum at an agreed valuation of $1,500. It may be that the land conveyed by Thomas to Landrum has enhanced in value, and that the real estate conveyed by Landrum to him has neither increased nor diminished in value; and, if such be the case, and Thomas was guilty of no fraud, either actual or constructive, and there was merely a mutual mistake in the minds of both as to the quantity of land conveyed by Thomas to Landrum, would it not be unjust and inequitable to require the former to retain the consideration which he had received under such mutual mistake, and pay to the latter an additional sum, while if the transaction was rescinded Landrum, in so far as the record shows, would recover back all the consideration which passed from him to Thomas, and therefore would sustain no injury? Of course, in awarding a rescission, if it should appear that there was any difference in the value of the use of the property that was exchanged, the decree of the court could require the payment of such difference.

For these reasons it seems to us that no error was committed in not submitting to the jury any question as to the plaintiff's right to recover damages founded alone upon the alleged issue of mutual mistake. No error has been shown, and the judgment is affirmed.

Affirmed.