EMILY B. GILLESPIE AND OTHERS v. HENRY JONES AND ANOTHER.

A deed of lease need not be placed on record to enable the landlord to intro-
duce it in evidence in support of the plea of the statute of limitations.

The actual possession of the tenant is in contemplation of law the possession
of the landlord, and there is nothing in our statute which requires the fact
of tenancy to be created or proven by a recorded deed to enable the land-
lord to maintain the defence of limitation.

A party cannot avail himself of the statute of limitations, unless his posses-
sion has been in point of fact adverse to the title which he seeks to resist:
to constitute such adverse possession, there must be an open, visible and
exclusive possession of the land in controversy, that the adverse claimant
may thus be notified that his title is disputed; but the occupant is not re-
quired to give notoriety or publicity to the title, or right under which he
claims to hold, to enable him to set the statute in motion against the true
owner.

The legal effect and extent of adverse possession, depends upon the character
of title, by which it is sought to be sustained, but in contemplation of law
an actual possession must be regarded as adverse to all other titles or
claims than that of the possessor or such as has been recognized by him.

ERROR from Navarro. Tried below before the Hon. John
Gregg.

This was an action of trespass to try title brought by Emily
B. Gillespie, surviving widow of Barry Gillespie, deceased, and
Mary E. Sayles, only child of said deceased, who was joined in
the suit by her husband, John Sayles, against Henry Jones and
Samuel Bowman, to recover nine hundred and twenty acres of
land. The petition was filed on the 19th day of March, 1857.
The defendants pleaded the general issue and the statute of limita-
tions of three, five and ten years.

In support of the plea of five years limitation, the defendants
offered to read in evidence an instrument of writing, in which
Samuel Bowman acknowledged that Henry Jones had leased to
him the land in controversy for the period of five years, com-
mencing the 20th day of May, 1846, and ending the 20th day of
May, 1851; which was dated the 20th May, 1846, acknowledged
by Bowman on the 20th day of April, 1858, and recorded on the
21st day of April, 1858. They offered, also, to read another instru-

ment of like character, signed by Samuel Bowman, dated 20th May, 1851, and recorded on the 21st day of April, 1858, in which it was recited that Henry Jones had leased to Samuel Bowman the land in controversy for the period of five years. To the reading of these instruments in evidence, the plaintiffs objected on the ground that they had not been recorded until after the institution of the suit. The court overruled the objection, and permitted the instruments to be read to the jury, and the plaintiffs excepted. The other facts are sufficiently disclosed in the opinion of the court.

At the April Term, 1858, there was a verdict and judgment for plaintiffs, and a new trial granted. At the November Term, 1858, a jury was waived, the cause was submitted to the court, and a judgment was rendered for defendants. The plaintiffs prosecuted their writ of error.

*Sayles*, for plaintiffs in error. The evidence does not establish such a possession as to oust the plaintiffs and divest them of their title. "The law deems every person to be in the legal seizin and possession of the lands to which he has a perfect and complete title, and this seizin and possession is co-extensive with his right, and continues till he is ousted thereof by an actual possession in another under a claim of right. The actual possession *per se* is only an introductory fact to a link in the chain of title by possession, and will not simply of itself, however long continued, bar the right of entry of him who was seized, and of course can create no positive title in any case." (Angell on Lim., chap. 31, § 5; United States v. Arredondo, 6 Peters, 743; Clark v. Courtney, 5 Ib., 354; McIver v. Ragan, 2 Wheaton, 29.)

It is not the possession alone, says Mr. Justice Thompson, in Jackson v. Porter, Paine C. Co. R., 457, but that it is accompanied with the claim of the fee, which by construction of law is deemed *prima facie* evidence of such an estate.

The clearest and most comprehensive definition of a disseizin and adverse possession, is an actual, visible and exclusive appropriation of land, commenced and continued under a claim of right, either under an openly avowed claim, or under a constructive claim, arising from the acts and circumstances attending the appro-

priation to hold the land against him who was seized. (Angell on Lim., chap. 31, § 11.) Here there was no constructive claim, nor openly avowed claim. Bowman never claimed to hold under Jones. He not only should have held under the lease, but he should have publicly and notoriously claimed to have so held to give character to his possession.

The statute of limitation proceeds upon the ground that there has been an acquiescence on the part of the owner of the land—a ground of supposition which can never exist if the occupation be so clandestinely taken as not to afford notice of the same. (Angell on Lim., chap. 31, § 13.)

He insisted that the plaintiffs could not be held to acquiesce in the title of Jones—when they did not and could not know that any one was holding under him,—so far as they knew, Bowman was in possession without any claim of right—that his possession was permissive, and could not ripen into a title until some adverse acts were proven as public and notorious as the possession itself— that it is the intention to claim title which makes the possession of the holder of the land adverse,—that it is not possession alone, but that it is accompanied with the claim of right in the fee, which by construction of law is deemed *prima facie* evidence of such an estate. (Angell on Lim., chap. 31, § 11.)

He insisted that Jones could not claim the benefit of Bowman's possession, because the deed of lease had not been recorded, and Bowman never admitted that he held under Jones. (Angell on Lim., chap. 31, § 2—§ 6-5; Jackson v. Denison, 4 Wend., 558; Record v. Williams, 7 Wheaton, 59.)

*Thomas Harrison*, for defendants in error.

MOORE, J. This is an action of trespass to try title by the plaintiffs in error against the defendants in error. The latter rely for a defence upon the statute of limitations. And the court below did not err in holding, that the law and evidence fully sustained this defence. The testimony shows that the land in controversy was in the actual possession and occupation of the defendant Bowman, and those holding under him, under a lease executed to

him by the defendant Jones, for more than five years before the commencement of this suit; and that Jones had regularly paid the taxes upon the land, and claimed it under a deed which had been duly recorded, for the requisite period to complete the bar of the statute.

The lease, however, from Jones to Bowman, was not recorded until after the commencement of the suit, and for this reason the plaintiffs objected to its being read in evidence. But this objection is manifestly not tenable. The lease need not have been placed upon record at all. The only object for its introduction in evidence was, to show that the actual possession of Bowman was in contemplation of law, the possession of his co-defendant Jones, and that the land was held by the latter through his tenant under his deed, which was shown to have been duly recorded for more than five years before the commencement of the suit. That the possession of the tenant is that of his landlord, is a matter of familiar learning. And there is nothing in our statute that requires the fact of tenancy to be created, or proved by a recorded lease, to enable the landlord to maintain the defence of limitation. If there was any objection to the admissibility in evidence of the lease, for want of due proof of its execution, it was not taken in the court below, and could not now be urged here.

The counsel for the plaintiffs in error ingeniously argues that the defendants failed to sustain their defence, under the statute of limitations, for want of proof of an *open and notorious claim* of adverse possession, or title. It cannot be questioned, that a party cannot avail himself of the statute, unless his possession has been in point of fact adverse to the title which he seeks to resist. And to constitute this, there must be an open, visible and exclusive possession of the land in controversy, that the adverse claimant may be thus notified, that his title is disputed. But the occupant is not required to give notoriety or publicity to the title, or right under which he claims to hold, to enable him to set the statute in motion against the true owner. If the defendant has entered upon the land under the plaintiff's title, he is, of course, cognizant of the fact; but if he has not, the title under which he claims, is a matter of secondary importance to the plaintiff, for he can only

call it in question on the strength of his own title. When the plaintiff has acquiesced, in an open and visible exclusive possession by a party who did not enter under, and has not recognized his title, he cannot be heard to complain, that the occupant entered under a better or different character of title than he had supposed. The legal effect and extent of an adverse possession depends of course upon the character of title by which it is sought to be sustained. But in presumption of law, an actual possession must be regarded as adverse to all other titles or claims than that of the possessor, or such as have been recognized by him. And whenever a party permits such possession to be maintained, he does so at his peril.

Whether the possession of Bowman was adverse to the plaintiff's title, was a question of fact; and as there was direct testimony that was received without objection, tending to prove the execution of the lease to Bowman on the day it bore date, and a continuous subsequent possession under it, we could not disturb the judgment even if the testimony relied upon by the plaintiff was, of itself, sufficient to have induced a different conclusion. This, however, is evidently not the case. The only evidence relied upon by the plaintiff, to negative the adverse character of the defendant's possession subsequent to the date of the lease of May 20th, 1851, was the subsequent declaration—if as is probable the witness was not mistaken in the date—of the tenant Bowman that he did not know who owned the land, but wished that the witness would enquire into the matter, and inform him to whom it belonged. But certainly such declarations as these will not destroy the effect of his adverse possession of the land under the lease from Jones. He could not have done this, it seems, even by attorning to the plaintiff after the execution of the lease. (Pleak v. Chambers, 5 Dana, 60.)

We have taken no notice of the lease dated in 1846, though executed in fact it appears also May 20th, 1851; for while it manifestly could confer no rights upon either of the defendants, but justly subjected them to animadversion, and their defences to stricter scrutiny, it did not affect the judgment which was properly rendered by the court, or the other facts that were before it.

The judgment is affirmed.

Judgment affirmed.