J. N. ROBERTS AND WIFE v. J. H. TROUT.

No. 751.

**Homestead—Donation not Patented—Conveyance by Husband Alone.**

Where a family settled upon vacant public land under the homestead donation law, and before the end of three years' occupancy, the husband alone conveys the land to another who subsequently obtains the patent from the State, the wife cannot assert the homestead interest as against the grantee, the homestead right not attaching to the land until occupancy for three years is complete.

APPEAL from Uvalde.   Tried below before Hon. EUGENE ARCHER.

*W. N. Parks* and *Perry J. Lewis*, for appellants.—1.   Homestead rights of husband and wife attach to any interest or estate in land however feeble it may be, and such homestead rights can only be divested by sale by the husband and wife in the manner prescribed by statute, or by voluntary abandonment.  Texas Constitution, art. 14, sec. 6; Sayles' Civ. Stats., art. 3937, et seq.;   Wheatly v. Griffin, 60 Texas, 209; Thompson on Homestead, secs. 170 to 176; Swearingen v. Bussett, 65 Texas, 267–273; 1 Posey U. C., 100–105; 9 Am. and Eng. Ency. Law, 425.

As to homestead rights in house without title to land, Cullers v. James, 66 Texas, 494; Luck v. Zapp, 1 Texas Civ. App., 528.

*Ellis & Martin*, for appellee.—1. The homestead right does not attach to a pre-emption or homestead donation until the holder has occupied the land for three years, and otherwise complied with the law so as to entitle him to a patent, and the husband, until the homestead right attaches, can sell without his wife joining in the conveyance. Mitchell v. Nix, 1 Posey U. C.; pp. 139, 143; Clifton v. Thornton, 29 S. W. Rep. 197.

2. When the homestead right is in fiere, and is charged with preceding equities or incumbrances, or is burdened or subject to conditions and contingencies, the right of the husband to sell or renounce lands under such circumstances cannot be questioned by the wife, in virtue of her remote right which might arise if the incumbrances or conditions were ever discharged or removed, unless in cases where the husband is squandering the property with the fraudulent design of depriving the wife of a home. White v. Shepperd, 16 Texas, 172; Clements v. Lacy, 51 Texas, 151; Debruhl v. Maas, 54 Texas, 474; Roy v. Clark, 75 Texas, 29; Mitchell v. Nix, 1 Posey U. C., 142.

FLY, ASSOCIATE JUSTICE.—Appellee instituted this suit to try title to survey No. 529, containing 160 acres of land patented to U. S. Ramsey, assignee of J. N. Roberts. Mrs. E. N. Roberts, wife of J. N. Roberts, intervened, pleading not guilty, limitation, and that the land sued for was the homestead of appellants, and denying that she had joined her husband in the sale of the right they had acquired in the land. The land was sequestered by appellee. On the trial of the case the jury was instructed to return a verdict for appellee for the land, on the ground that the appellants failed to show any homestead right in the land, and that the evidence showed that Ramsey was an innocent purchaser for value.

It was proven that on the 2nd day of January, 1880, J. H. Roberts and his wife and children settled on the land in controversy for the purpose of obtaining it as a homestead donation under the provisions of article 14, section 6, Constitution, and title 79, chapter 9, Sayles' Civil Statutes. They complied with the preliminaries required.. They lived on the land from the date mentioned until April, 1881, and on June 15, 1881, the land was conveyed by J. N. Roberts to U. S. Ramsey. Mrs. Roberts refused to join in the conveyance, and during their peregrinations through several counties and sojourn in many localities claimed that the land was her homestead. Roberts and family re-entered on the land on October 5, 1888, over seven years after they had left it. After Ramsey bought the land from Roberts, he lived on it until his occupancy, added to that of Roberts, amounted to three years, and a patent was granted to him as the assignee of Roberts. Ramsey and wife sold the land to appellee on June 16, 1886.

The character of the title to the homestead is not prescribed by the Constitution and laws of Texas. It may be an absolute or qualified ownership, a fee simple or equitable estate, or a mere leasehold estate,

but it must be something palpable and defined.  It is an exemption, that is, something free from forced sale, and this manifestly carried with it the idea that it relates to something which could be sold under execution in the absence of protection.  Waples, Homestead, 112.  The above rule, in a number of the States, is made the test of the character of the interest held in land, whether a homestead right or not.  Conklin v. Foster, 57 Ill., 107; Randal v. Elder, 12 Kan., 261; Sears v. Hanks, 14 Ohio St., 301; Vogler v. Montgomery, 54 Mo., 584; Bartholomew v. West, 2 Dill., 293.

Appellants had gone into possession of the land under the act providing for the acquisition of a homestead donation; occupancy for three years, among other things, being a prerequisite to obtaining title.

At the time that the transfer was made, the title to the land was in the State, and all the right possessed by Roberts and wife at that time was the inchoate one of remaining on the land until the expiration of three years, when the State would invest them with the title.  They had no salable interest in the land the transfer of which would vest title in their vendee.  The State held the title, they had the naked right to remain in possession and by using and cultivating the soil obtain a title to it.

A case involving facts very similar to those in this case was decided by the Commission of Appeals of this State, and the court said:  "Harris and his wife, therefore, had not acquired a homestead right against the owner of the land, which was the State of Texas, at the time of the contest and agreement made between Harris and defendant; three years occupancy by Harris and wife had not transpired at that time.  The homestead right was then in expectancy, the title thereto merely in fieri."  Mitchell v. Nix, 1 Posey U. C., 126.

The status of the right that appellants had in the land would bear a resemblance to a title to a homestead being perfected by possession under the ten years' statute of limitation.  In that case there would exist an inchoate right to the land that, under proper circumstances, would result in a clear title.  Like that to be acquired from the State under the homestead act, the title would depend on possession, use and enjoyment for a prescribed term of years.  But it would not be a defined, vested title in the land until the time had expired.  The right in process of being acquired by limitation would be equal in dignity, without doubt, to that being acquired by occupancy under the homestead act, and yet it has been held that the adverse possession being exercised by husband and wife to acquire title to a homestead can, regardless of the consent or desire of the wife, be interrupted and the rights thereunder be surrendered by acts of the husband.  Simonton v. Mayblum, 59 Texas, 7; Smith v. Uzzell, 61 Texas, 220; Housey v. Moser, 70 Texas, 42; Eldridge v. Parrish, 6 Texas Civ. App., 35.

We conclude that the homestead right in the land had not attached to Roberts and wife, and therefore that his deed to Ramsey conveyed all the interest they had in the land.

Our conclusion that the homestead right had not attached renders unnecessary an opinion on the question of innocent purchase.

The judgment will be affirmed.

*Affirmed.*

Delivered March 11, 1896.

Writ of error refused.