W. N. COLER ET AL. v. KING ALEXANDER ET AL.

Decided May 4, 1910.

**1.—Trespass to Try Title—Abstract of Title—Incorrect Reference.**

A title paper is not admissible in evidence in trespass to try title when the book and page in which it is recorded is incorrectly stated in the abstract of title filed by the party offering the paper, in compliance with a demand therefor under articles 4260-4262, Rev. Stats.

**2.—Limitation—Ten Years—Evidence.**

When a trial court in its conclusions of fact finds that it was unable to fix positively the date when a defendant in trespass to try title went upon the land in controversy "prior to January 1, 1892," but that he executed a deed thereto on November 8, 1901, such findings of fact will not support a conclusion of law that said defendant had acquired title to the land under the ten years' statute of limitation; the period of limitation could be computed only from January 1, 1892, and would terminate on November 8, 1901.

**3.—Limitation—Inchoate Title—Homestead—Sale by Husband.**

At any time before limitation title to a homestead is perfected by adverse possession, such possession may be interrupted and all rights thereunder surrendered by the husband regardless of the consent or desire of the wife.

Appeal from the District Court of Leon County. Tried below before Hon. S. W. Dean.

*D. T. Garth* and *Cain & Knox,* for appellant, Wm. N. Coler, Jr.

*Wm. Watson,* for D. W. and F. M. Carrington, appellant interveners.

McMEANS, ASSOCIATE JUSTICE.—Suit of trespass to try title, instituted by the appellant, W. N. Coler, Jr., against King Alexander and wife, on January 2, 1907, to recover 640 acres of land in Leon County. Appellees, Alexander and wife, entered a disclaimer as to all the land sued for except 151½ acres described in their answer, and as to which they pleaded not guilty and the statute of limitations of ten years. D. W. Carrington and F. W. Carrington, composing the firm of D. W. Carrington & Son, intervened, claiming the 151½ acres under a deed executed to them by King Alexander, without being joined by his wife, dated and acknowledged November 8, 1901. The case was tried before the court without the intervention of a jury and resulted in a judgment in favor of the defendants for 151½ acres described in their answer, from which the plaintiff and interveners have appealed.

The court filed his findings of fact, from which we quote the following:

"I find that defendants, King Alexander and wife, Julia Alexander, went upon the land in controversy some time prior to the 1st day of January, 1892, built their house thereon, took possession of the land claimed by them in their answer and which is there described by metes and bounds, fenced same and have at all times since said date cultivated, used, occupied and enjoyed said land, claiming the same as their own, and have occupied it as their homestead and is the only land claimed by them.

"On the 8th day of November, 1901, King Alexander, without being joined by his wife, conveyed to the interveners, D. W. Carrington & Son, the land claimed by the defendants and interveners, etc.

"I find as a fact that at the time of said conveyance by said King Alexander to D. W. Carrington & Son the said land was occupied by King Alexander and wife with their children as their homestead, and that the ten years statute of limitation had about perfected title in said King Alexander and wife, but am unable to locate positively the date when said King Alexander and wife entered upon said land prior to January 1, 1892."

It appears that at a proper time before the trial the defendants demanded of plaintiff an abstract of his title to the land sued for, under articles 4260, 4261 and 4262 of the Revised Statutes, and that in attempting to comply with this demand the plaintiff filed an abstract in which it was stated that deed from Wm. B. Isham to Chas. C. Pomeroy, conveying the land sued for and which was an essential link in the chain of plaintiff's title, had been recorded in the deed records of Leon County in volume No. 5, whereas in fact it had been recorded in book lettered V. An objection by defendants to the introduction of said deed on that ground was sustained by the court.

The court's conclusions of law are as follows:

"1. The plaintiff failed to show title to himself by reason of the exclusion of deed which was not properly described in the abstract filed by him.

"2. Title is perfect in King Alexander and wife, Julia Alexander, to the land in controversy by reason of their adverse possession, cultivation, use and enjoyment of same, claiming to own the same for more than ten years prior to the filing of plaintiff's suit.

"3. The ten years statute of limitation not being complete when King Alexander made deed to D. W. Carrington & Son, said King Alexander had nothing to convey in said land and conveyed nothing, and as said D. W. Carrington & Son never entered into possession of same and never attempted possession of same and never attempted to complete the occupation of same by tenant or otherwise so as to perfect title thereto, and if said title had been completed at the time of the execution of said deed, it would have conveyed no title to said D. W. Carrington & Son because it was the homestead of said King Alexander and wife."

Appellants, plaintiffs and interveners in the court below, have

each presented several assignments of error for the reversal of the judgment, which we do not propose to discuss in detail.

We do not think the court erred in excluding the deed from Isham to Pomeroy upon the objection urged by the defendants Alexander. The articles of the statutes referred to provide in substance that either party may demand of the other an abstract in writing of the claim or title upon which he relies, which must be filed within a specified time, and in default thereof no evidence of the title of such opposite party shall be given on the trial. The abstract is required to contain a statement, among other things, of the book and page where the instrument relied upon is recorded. A compliance with this requirement is important, because its evident purpose is to furnish the adversary such information as will enable him by investigation of the book and page of the record to ascertain the exact character of the instrument relied upon, and thereby enable him to prepare his defense as against the evidence which he is thus informed the other party will adduce upon the trial, and it would be manifestly unfair and opposed to the spirit of the statute to permit the introduction of a deed, the record of which was in a different book from that stated in the abstract.

While we overrule the assignment of error urged by the plaintiff to the exclusion of the deed upon the objection of defendants Alexander, we think the deed was admissible as against the interveners. They had not demanded the abstract, nor does it appear that they objected to its introduction in evidence, and its importance as against the interveners is manifest. The assignment raising this point is sustained.

We do not think that the court's conclusion of law to the effect that the title of Alexander and wife to the 151½ acres is perfect by reason of their adverse use and occupancy of it for more than ten years before the filing of the suit, is justified by the facts. There is no finding that they had so used and occupied the land for ten years at the time of its sale by King Alexander, the husband, to the interveners, Carrington; but on the other hand, the court expressly found that the deed from Alexander to the interveners was executed November 8, 1901, and that Alexander and wife went upon the land prior to January 1, 1892, but that the court was "unable to locate positively the date when said King Alexander and wife entered upon said land prior to January 1, 1892." Under this finding the court could not consider any period of time prior to that date in computing the period of defendants' adverse occupancy. From that date up to November 8, 1901, when King Alexander conveyed to the interveners, it is fair to conclude from the evidence that the defendants were occupying the land under a claim of right, but when he conveyed the premises before he had perfected his title by ten years occupancy he thereby surrendered his "claim of right" which he had previously asserted and is not entitled to tack the possession held by him prior to that sale to the interveners to the possession afterwards held by him, in computing the period of adverse occupancy. The suit was filed January 2, 1907, and thus, even if King Alexander after the conveyance to the interveners continued in possession, claim-

ing the land adversely to the world and in hostility to his deed, he could not have perfected his title under the ten years statute between the dates of his conveyance and the filing of this suit.

Defendants Alexander and wife urge that they settled on the land and claimed, used and occupied it as a homestead, and that therefore the conveyance by King Alexander to the interveners, even if made before the completion of ten years adverse occupancy, was void, and that therefore limitation continued to run in their favor up to the filing of the suit. We can not assent to this. The adverse possession being held by defendants to acquire title to a homestead created only an inchoate right to the land that under proper circumstances would result in a clear title. But at any time before the title is thus perfected such possession can, regardless of the consent or desire of the wife, be interrupted, and the rights thereunder be surrendered by the husband. Roberts v. Trout, 13 Texas Civ. App., 70 (35 S. W., 325); Eldridge v. Parish, 6 Texas Civ. App., 35 (25 S. W., 49); Simonton v. Mayblum, 59 Texas, 7; Smith v. Uzzell, 61 Texas, 220; Hussey v. Moser, 70 Texas, 42.

We think that the judgment of the court below should be reversed and remanded as to all the parties to the suit. If upon another trial the plaintiff should show title from the sovereignty of the soil to himself, he would be entitled *prima facie* to recover. But if the defendants, Alexander and wife, shall, under proper pleadings, show that before the execution of the deed by King Alexander to interveners they had completed their period of adverse occupancy under such circumstances as to give them a title under the ten years statute and that at the date of the execution of said deed the land constituted their homestead, they should prevail as against both the plaintiff and the interveners. But if it should appear by proper pleadings and proof that said deed was executed before defendants' claim and occupancy had ripened into a title, and that thereafter the defendants adversely occupied the land for or as tenants of interveners under some character of agreement between them, and under such circumstances as that the adverse occupancy inured to the benefit of interveners, then they should prevail as against both the plaintiff and defendants. Reversed and remanded with instructions.

*Reversed and remanded.*