The judgment will be reversed, and the cause remanded.

---

**JOBE et al. v. PATTON et al.    (No. 2242.)**

(Court of Civil Appeals of Texas.  Texarkana.
June 20, 1920.  Rehearing Denied
June 24, 1920.)

**1. Husband and wife ⬖249—Burden of proof on children claiming as heirs of mother to show adverse possession completed before her death.**

Plaintiffs suing as heirs of their mother, claiming she had title by limitations, had the burden of showing that her possession was adverse within the statute, also that it had continued as long as 10 years before the mother died, since possession of father after her death could not help plaintiffs, for, if adverse possession commenced by a husband and his wife has not continued long enough before the death of one occurs, and if the survivor continues such possession until the statutory title is complete, the title does not vest in the community estate, but vests in the survivor, and becomes part of his separate estate.

**2. Appeal and error ⬖1011(1)—Finding on conflicting evidence conclusive.**

Where finding of court on conflicting evidence as to adverse possession could not be said not to have support in the evidence, it is conclusive.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Suit by J. J. Jobe and others against A. Patton and others. From judgment for defendants, plaintiffs appeal. Affirmed.

M. D. Carlock, of Winnsboro, for appellants.

E. A. Tharp and Jones & Jones, all of Mineola, for appellees.

WILLSON, C. J. Appellants were the plaintiffs below. They were the children of Seaborn Jobe and his wife, Tildy. The latter died prior to 1901. Appellants' suit was against A. Patton. They claimed title to the east half of the C. R. Patton 320-acre survey in Wood county by force of the statute of limitations of 10 years. In their petition appellants alleged that Patton was setting up some kind of claim to the land, and that the claim was a cloud on their title. They prayed for "judgment forever quieting them in their title," and for a writ of injunction "enjoining the said A. Patton asserting any claim or title to the land." Pending a trial of the suit Patton died intestate, and appellees, his only heirs, became parties defendant, filing an answer consisting of a general denial, a plea of not guilty, and a plea in the nature of a cross-action, in which they prayed judgment for the land. The appeal is from a judgment that appellants take nothing by their suit and that the title and interest they had in the land be divested out of them and vested in appellees.

The trial was to the court without a jury. The contention on the part of appellants was that the land belonged to the community estate between Seaborn Jobe and his wife, Tildy, and, she having died intestate, that they, as her children and only heirs, owned her part of it. In support of their contention appellants undertook to prove that during the lifetime of Tildy she and Seaborn had adverse possession of the land within the meaning of the 10-year statute of limitation long enough to vast title thereto in said community estate. Contentions on the part of appellees were that the possession Seaborn and Tildy had was not "adverse" within the meaning of the statute, and, moreover, if it was, that Tildy died before it had continued as long as 10 years.

Eight of the nine assignments in appellants' brief are predicated on the action of the trial court in admitting testimony appellants objected to. The contention presented by the other one is that the testimony did not warrant a finding that appellees had title to the land. In the view we take of the case, the assignments need not be considered; for, if they were sustained, the judgment should not therefore be reversed. The burden was on appellants to prove that they had the title to the land, and we think the trial court had a right to say they failed to discharge the burden. If they did, of course they were not entitled to recover, and are not entitled to a reversal of the judgment in appellees' favor, notwithstanding the trial court may have erred in admitting the testimony they objected to, and notwithstanding it may not have appeared that appellees had title to the land.

[1] Appellants did not claim they had title to the land in any other way than as heirs of their mother, and they did not claim that she had title otherwise than by force of the statute of limitations of ten years. The burden was on them to show not only that the possession Seaborn and Tildy had of the land was "adverse" within the meaning of the statute, but also that it had continued as long as ten

years before Tildy died; for possession continued by Seaborn after her death would not help appellants' case. It seems to be settled, if adverse possession contemplated by the statute of limitations commenced by a husband and his wife has not continued long enough to vest the title before the death of one of them occurs, and if the survivor continues such possession until the statutory period is complete, the title does not vest in the community estate, but vests in the survivor and becomes a part of his separate estate. Sauvage v. Wauhop, 143 S. W. 259; Cook v. Oil Co., 154 S. W. 279; Brown v. Lumber Co., 178 S. W. 787; Simpson v. Oats, 102 Tex. 186, 114 S. W. 105.

[2] We have read the testimony in the record. If it should be conceded, and we do not say it should be, that it appeared as a matter of law that appellants discharged the burden on them so far as it was to prove that the possession of Seaborn and Tildy was "adverse," it certainly cannot be said the testimony was so conclusive of the fact as to require the court to find that the possession by Seaborn and Tildy continued as long as 10 years. The testimony with respect to that feature of the case was conflicting, and, moreover, the part of it adduced by appellants to support their contention was uncertain as to the time when the possession commenced and as to the time when Tildy died. The testimony would have supported a finding either that the possession had or that it had not continued during the life of Tildy long enough to perfect the title in the community estate between her and Seaborn. That being the state of the case before the trial court, we cannot say he erred when he made the finding involved in the judgment that Tildy died before the 10 years' possession necessary to vest the title was complete. Therefore the judgment will be affirmed.