## MADISON v. FLEMING et al.
### (No. 8842.)

(Court of Civil Appeals of Texas. Galveston. April 17, 1926.)

**1. Adverse possession ⬾31**

Adverse possession, which is actual and visible appropriation of the land, is sufficient notice to the owner.

**2. Adverse possession ⬾58—Adverse possession must commence and continue under claim of right, inconsistent with and hostile to claim of owner.**

To obtain land by adverse possession, such possession must commence and continue under claim of right inconsistent with and hostile to the claim of the owner.

**3. Adverse possession ⬾60(1)—Possession of tract used as part of farm is not adverse by reason of wife of owner of farm claiming tract.**

Where tract of land adjoining farm was used as part of it by the farmer but not claimed by him, wife's claim of the land does not make their possession adverse.

**4. Adverse possession ⬾63(4)—Grantor's continued possession of land conveyed becomes adverse when he forms intent to claim adversely, date of which one claiming under him has burden of showing.**

Where grantor covenanted to move his fence back to the division line between the property conveyed and other property owned by him, his continued possession of the property conveyed becomes adverse when he forms intent to claim it adversely, date of which one claiming under him has burden of showing.

**5. Adverse possession ⬾57—Evidence held to sustain finding that adverse possession by grantor, who had remained in possession, had not continued for 10 years.**

Evidence held sufficient to sustain finding that adverse possession by grantor, who remained in possession, had not continued for 10 years, and hence that recovery of the land was not barred by statute of limitation.

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Trespass to try title by O. J. Fleming and another against Patience Madison. Judgment for plaintiffs and defendant appeals. Affirmed.

Whit Boyd, of Houston, and Van Haile McFarland, of San Antonio, for appellant.

W. J. Howard, of Houston, for appellees.

PLEASANTS, C. J. This is an action of trespass to try title, brought by appellees against appellant to recover the title and possession of a tract of 22 acres of land on the East John Onery survey in Harris county, which is fully described in plaintiffs' petition. The defendant answered by plea of not guilty and plea of limitation of 10 years.

The trial in the court below without a jury resulted in a judgment in favor of appellees. At the request of appellant, the trial judge filed the following findings of fact:

## "Findings of Fact.

"(1) I find that for many years prior to March 1, 1910, Willis Madison was the owner of 50 acres of land in the West John Onery survey, in Harris county, Tex., on which he resided with his wife, Patience Madison, the defendant in this cause; that said 50 acres adjoined the dividing line between the West John Onery survey and the East John Onery survey; that for some 15 years prior to March 1, 1910, the said Willis Madison had inclosed with his

said 50 acres about 22 acres, being the land in controversy in this suit, which land is in the East John Onery survey and adjoins the West John Onery survey, and the said 50-acre tract above mentioned; that the said Willis Madison claimed the said land in 'controversy in this suit by reason of the statute of limitation and on March 1, 1910, A. T. Whitaker, the owner of the record title to the land in controversy, purchased the same from the said Willis Madison and the defendant herein, Patience Madison, the wife of Willis Madison, paying them $500 in cash for the said deed, which was duly executed by said Willis Madison and wife to Whitaker and duly recorded in the deed records of Harris county, Tex. By the terms of said deed the said Madison and wife agreed to move their fence back to the true division line between the East and West John Onery surveys, which was the division line between the said Madison 50 acres and the land in controversy in this suit.

"(2) After the execution of said deed from Willis Madison, and wife, Patience Madison, to Whitaker, the said Willis Madison continued to use the land in controversy the same as they had used it theretofore until the death of Willis Madison, which occurred some four or 5 years prior to the trial of this cause, and the defendant, Patience Madison, continued to use said land in the same manner up to the time of the filing of this suit; there being no change whatever in the character or location of the fences inclosing the land and no change whatever in the character of the use of said land from the time the deed was given by Madison and wife to Whitaker in March, 1910, up to the time of the filing of this suit, and no notice was given or brought home to Whitaker or those claiming under him that either Willis Madison or his wife, Patience Madison, the defendant herein, was claiming said land after they had so executed the deed to said Whitaker for the same.

"(3) Neither Willis Madison nor Patience Madison, the defendant in this case, paid any taxes on the land in controversy after they executed the said deed to Whitaker.

"(4) Under all the facts and circumstances of this case, the holding and possession of the lands in controversy by Willis Madison and Patience Madison was not adverse to the owners of the record title.

"(5) The plaintiff in this case made out a record title to the land in controversy from the state down to them. In fact, it was agreed by the defendant that they had the record title, and that they acquired all the interest that' the said A. T. Whitaker acquired under his said deed from Willis Madison and Patience Madison, dated March 1; 1910, by deeds from said Whitaker down to plaintiffs.

"(6) Willis Madison at his death left surviving him his wife, Patience Madison, the defendant herein, but no children or their descendants, and no father or mother or brother or sister or their descendants."

The appellant seeks a reversal of the judgment of the trial court upon the following propositions, based upon an assignment of error complaining of the finding of the trial court that the defendant's possession of the land after its conveyance to plaintiff's vendor, Whitaker, was not adverse:

"(1) In the case of an executed deed, possession by the grantor of the property conveyed may be adverse to the grantee, without notice to him of the grantor's adverse claim, other than that afforded by the grantor's remaining in possession of the property. (This proposition is designed to support appellant's assignment of error No. 1.)

"(2) In the case of an executed deed, a recitation therein that the grantor will move his fence back to the division line between the property conveyed and other property owned by the grantor, does not deprive the grantor's possession of its character of being adverse. (This proposition is designed to aid proposition No. 1 in supporting appellant's assignment of error No. 1).

"(3) In the case of an executed deed, containing a covenant by the grantor to move his fence back to the division line between the property conveyed and other property owned by him, the grantor's possession (by virtue of remaining on, and cultivating, the 'land without recognition of right in the grantee) assumes its adverse character at the moment of the formation by' the grantor of his intent to claim adversely to the grantee. (This proposition is designed to aid propositions 1 and 2 in supporting appellant's assignment of error No. 1.)"

The abstract soundness of these propositions may be conceded without affecting the correctness of the trial court's finding that appellant's possession of· the land was not adverse for the length of time required by the statute.

[1-4] The first proposition merely asserts the long-settled rule that, when possession is shown to be adverse, such possession, when it is "an actual and visible appropriation of the land," is sufficient notice to the owner. But the sufficiency of possession as notice does not determine the question of whether the possession is adverse. In order for one to obtain land by possession for the period required by the statute, such possession must commence and continue under a "claim of right inconsistent and hostile" to the claim of the owner.

The evidence is not such as to require a finding that appellant's husband, Willis Madison, claimed the land after he made the deed to Whitaker and continued such claim for 10 years before this suit was brought. Appellant testified that she always claimed it, but her claim during her husband's lifetime would not make their possession of the land adverse, and her adverse possession after his death only commenced 4 or 5 years before this suit was brought. If his open and continued possession and use of the land was sufficient to sustain a finding that he was claiming it adversely, it would not compel such finding under the facts of this case. As stated in appellant's third proposition above set out the possession of Willis Madison "assumed its adverse character when he formed

the intention to claim adversely to the owner." This being so, it devolved upon appellant to show by some evidence that such claim began 10 years before this suit was filed. The evidence not only fails to show this fact, but we think negatives any inference that such adverse claim had continued for 10 years before the filing of the suit.

[5] Appellant testified:

"My husband got the money for the land instead of me. With reference to after he got the money for it, he did not claim the land after he sold it, my answer is he kept it under his fence; no one took it out; he kept it there 5 years, and no one said anything about any land until now. I don't know anything about him telling the people he sold the land to that he wanted to use it. I don't know what he did or did not say about it. I didn't know if he claimed it after he sold it. I claimed it; that was all I had to live on."

We think it is a fair inference from this testimony that appellant's husband was not making any claim to the land, at least during the 5 years in which no one "came to take it out" or said anything to him about it. If the adverse claim did not begin for 5 years after the deed to Whitaker, it did not continue for 10 years before the suit was brought.

Dan Collins, a son of appellant, testified:

"Willis claimed all that land up to the time of his death that was inside of that fence. He was claiming it for years before that. He has been claiming it since I have known him, about 30 years. He claimed everything that was inside the fence."

On cross-examination, this witness testified:

"It must have been 30 years ago that Willis talked to me about his claim to this land. He claimed all the land under fence. He never said how he was claiming it. He did not discuss with me whether he was claiming it as part of the land in his 50 acres or not. He discussed with me about twice his claim to this land. He talked with me about it 30 years ago and once or twice since, I don't remember the time."

This testimony did not require a finding by the court that Willis Madison had commenced to claim the land adversely 10 years before this suit was filed. His claim 30 years before the time of the trial and his title acquired thereby passed to Whitaker by the deed of Willis Madison and appellant, and the title now asserted by appellant depends upon the time of the commencement of his adverse claim after the execution of the deed. The statement of this witness that Willis had talked with him about his claim to the land once or twice since his first talk 30 years before the trial, and that he did not remember when these talks occurred, falls far short of conclusively showing that Willis began to claim the land adversely after his deed to Whitaker and 10 years before the filing of this suit.

We cannot say from the evidence as a whole that the trial court was required as a matter of law to find that the adverse claim of Willis Madison after his deed to Whitaker began 10 years before this suit was filed, and, under the assignment and propositions presented in the brief, we are not authorized to reverse the judgment.

It follows that the judgment must be affirmed, and it has been so ordered.

Affirmed.