HUMPHREYS v. GRIBBLE et al.

No. 2858.

Court of Civil Appeals of Texas. Waco.

Jan. 5, 1950.

Rehearing Denied Feb. 16, 1950.

Kyle Vick, Waco, for appellant.

Scott, Wilson & Cureton, Waco, for appellees.

LESTER, Chief Justice.

Appellant brought this suit against Len T. Gribble and Mrs. Ruby Haddaway, now Mrs. Ruby Lightfoot, and she will be referred to hereafter as Mrs. Lightfoot, to recover title and possession of Lots Nos. 28 and 29 in Block 2 of the Nelson Beall Addition to the City of Waco, McLennan County, Texas.

Gribble pleaded the ten year statute of limitations to Lot No. 28, which is numbered and known as 716 Earle Street, and Mrs. Lightfoot pleaded the ten year statute of limitations to Lot No. 29, numbered and known as 712 Earle Street. After the introduction of the evidence the appellant filed his motion for an instructed verdict as

to both appellees, which the court overruled, and submitted the case upon special issues.

The jury found that Gribble had had peaceable and adverse possession of Lot 28 for ten consecutive years prior to the institution of this suit, and also found that Mrs. Lightfoot had had peaceable and adverse possession of Lot 29 for ten consecutive years prior to the institution of suit. The jury further found that neither of appellees paid any rent to appellant for the use of the premises, and that the appellant and appellees did not make an agreement that the appellees could remain in the premises to take care of the same without the payment of rent. No objections were filed to the court's charge and no additional issues were requested. The court entered judgment based upon the verdict of the jury, awarding title and possession to Lot No. 28 to Gribble and Lot No. 29 to Mrs. Lightfoot. The parties stipulated "that the appellant holds the fee simple title to the property unless Len T. Gribble has acquired title to the lot he claims under the statute of limitations and unless Mrs. Ruby Lightfoot has acquired title to the lot she claims under the statute of limitations." The appellant challenges the sufficiency of the evidence to support the findings of the jury.

We will consider first Gribble's right to recover. Gribble was a widower and in April, 1936, his son-in-law and daughter, A. C. Jackson and wife, moved into the house located at 716 Earle Street. Jackson and his wife lived there until his wife's death, which occurred in 1945, but Gribble has occupied the premises since he moved in in 1936 up to the present time.

In order to perfect title under the ten year statute of limitations, Vernon's Ann.Civ.St. art. 5510, possession of the property must not only be adverse under a claim of right, but said possession must be exclusive, which means that the adverse possessor must show an exclusive dominion over the property and an appropriation of it to his own use and benefit for a period of ten years. Amer.Jur. Vol. 1, p. 875; W. T. Carter & Bro. v. Holmes, 131 Tex. 365, 113 S.W.2d 1225. This the appellee wholly failed to do. The only overt acts of ownership and dominion exercised over said property on the part of Gribble, except joint occupancy of the premises with his son-in-law and daughter, as testified to by him are as follows: "Times were pretty tight when I moved in there and I picked up one piece of tin and another and kinda patched it up to keep from freezing and drowning. I put a chicken fence around there, broke it up and put in a garden and raised some chickens and also raised some rabbits." But when asked: "Was this in 1936?" he replied: "I don't remember what I did in 1936", but he did not testify or prove when he put the fence up or the character of said fence except that it was a chicken fence, or for what length of time he raised chickens and rabbits or how long he used the place fenced for a garden. He moved in as a naked trespasser with his son-in-law and daughter, who were also naked trespassers and the three occupied the premises together for approximately eight years. His son-in-law paid appellee no rent and there is no evidence that the son-in-law recognized the appellee's claim to the property or right to occupy it or dominion over it as being superior to his own. His son-in-law, when asked: "Who lived there with you, if anyone?" answered: "My daddy-in-law, Mr. Gribble, or we lived with him, whichever way you want to call it; anyway, we lived together. We moved there at the same time." He further testified that he never did claim the property and that he never did hear Gribble claim it; that when his wife died he left his furniture and household goods in the house and that they still were there at the time the case was tried. The appellee testified that when he moved in the house that houses were scarce and he moved in and claimed it as his own the very day he moved in. We have a situation of three people occupying these premises for approximately eight years, a man and his wife and the father-in-law, a single man, and there is no evidence to show that the possession of the appellee of said property was exclusive or that he exercised any greater dominion over the same than his son-in-law and daughter, and the only visible acts of ownership of said property upon the part of appellee

are those set out above. The property being jointly occupied as established by the undisputed evidence, we are of the opinion that the appellee failed to prove one of the constituent elements of adverse possession, in that he failed to prove that his possession was exclusive.

As to Mrs. Lightfoot, the evidence shows that she, with her husband Haddaway, or Hardaway (he is referred to by both names but for convenience we will refer to him as Haddaway) and children moved into the premises at 712 Earle Street, same being Lot No. 29 in Block No. 2 of Nelson Beall Addition, in September 1933, and they together occupied the premises until sometime prior to March, 1941, when she secured a divorce from her husband and he left and has not occupied the premises since the divorce was granted, but Mrs. Lightfoot continued in possession of the premises and occupied the same as a home with her children until the house burned in February, 1947. The divorce decree was not introduced in evidence and the record is silent as to the disposition, if any, the court made of the children and of the property, if any, and there is no evidence of a conveyance or gift from Haddaway to his wife but the evidence is without dispute that the three chilren remained with their mother and occupied the premises with her after the divorce was granted.

The appellant contends that since there was no evidence that Haddaway ever made any adverse claim to the property, he being the head of the family and by law vested with the management and control of the community property, Mrs. Lightfoot had no right to assert an adverse claim as against the true owner until after the granting of the divorce, and had no right to tack the period of time they occupied the premises together as husband and wife to the time she occupied the same since the granting of the divorce, so as to recover under the ten year statute of limitations; and further contends that there is no privity of possession shown between Haddaway and Mrs. Lightfoot. Haddaway did not testify in person or by deposition in the trial of the case, the evidence showing that he is now living in California. As to the evidence of Haddaway's adverse claim, he moved into the house in September 1933, and occupied it with his family for several years, and after he left his wife continued in possession of it thereafter. There is no testimony that he asserted any claim to the property except his exclusive possession of the same during this period of time. It has been held that possession of premises usually carries with it the presumption of claim of title and in that sense operates as notice to the true owner that his title is disputed. Boy et al. v. McDowell, Tex.Civ.App., 207 S.W. 937, 938. The case of Craig v. Cartwright, 65 Tex. 413, 424, concerning what constitutes an adverse claim, announced the rule to be: "Possession, with the exercise of such rights as pertain to the owner alone, must be deemed sufficient evidence of adverse claim, in the absence of some evidence indicating that it is held in subordination to the title of the real owner." The case of Emily B. Gillespie et al. v. Henry Jones et al., 26 Tex. 343, states: "The legal effect and extent of adverse possession depends of course upon the character of title by which it is sought to be sustained. But in presumption of law, an actual possession must be regarded as adverse to all other titles or claims than that of the possessor, or such as have been recognized by him. And whenever a party permits such possession to be maintained, he does so at his peril." The case of Rosborough v. Cook, 108 Tex. 364, 194 S.W. 131, 132, in an opinion by Judge Phillips, held that: "The title by limitation ripens, primarily, only because, in such manner and for such period of time as the different statutes require, notice is given of the hostile claim. Under the three years statute, it is afforded by possession under title or color of title. Under the ten years statute, simply by possession." See: Young v. City of Lubbock, Tex.Civ.App., 130 S.W.2d 418; Monroe v. Lyons, Tex. Civ.App., 189 S.W.2d 90.

The appellant testified that he had collected rent from the Haddaways while they were living in the house; that from his personal recollection he personally remembered that he had collected rent, but that he could not, without the aid of his record cards, fix the date the rent was col-

lected. The cards were introduced in evidence and showed fifty cents collected June 15, 1935, as the first rent collected and the last date of any collection of rent from Haddaway or Gribble was November 7, 1936. The cards reflected that he collected as rent for the premises occupied by the Haddaways during that period the sum of $10.65. He further testified that on or after the first of November 1936, he made an agreement with Haddaway and Gribble that they were to remain in the respective houses in order to take care of the premises, without the payment of any rent. The jury found, in answer to special issues, that no rent was paid and that no such agreement was made, and we are not able to hold that the answers were not supported by sufficient evidence. These issues found against the appellant, and Haddaway and his family having been in exclusive possession of the premises and using the same for the only purpose for which they were suited, the presumption is that he was claiming them adverse to the appellant; and Mrs. Lightfoot, living in the premises with her husband until they were separated and divorced and then she continuing to occupy them nearly six years thereafter and claiming them, as she testified, from the time she and her husband moved in, would be entitled to tack the period of time she occupied them with her husband to the period of time she occupied them thereafter. There seems to be no adjudicated case where the husband and wife took adverse possession of property and were separated and divorced before the ten year period expired, but many cases have reached the appellate courts where one of the spouses died before their title ripened under the statute of limitation, and the decisions are uniform in holding that where one of the spouses dies before their title is perfected under the statute and the survivor remains in exclusive possession until the time has elapsed, that the property is the separate property of the survivor, and indicative that the widow can tack her husband's adverse possession to that of her own. Cook v. Houston Oil Co., Tex.Civ.App., 154 S.W. 279; Jobe v. Patton, Tex.Civ.App., 222 S.W. 987; Wichita Valley Ry. Co. v. Somerville, Tex.

Civ.App., 179 S.W. 671; Hutto et al. v. Cook et al., 139 Tex. 571, 164 S.W.2d 513.

Appellant, in support of his contention that there was no evidence of privity of possession or estate between Haddaway and his wife, cites: 2 Tex.Jur., sec. 89; McAnally v. Texas Co., 124 Tex. 196, 76 S.W.2d 997, 1001; Roberts v. Trout, 13 Tex.Civ. App. 70, 35 S.W. 323. We have read all of these authorities but do not consider them decisive of the question before us. Vol. 2, Tex.Jur., sec. 89, and McAnally v. Texas Co., supra, relate to possession between successive occupants or possessors. In the Roberts v. Trout case the husband conveyed the land to another and therefore his wife was not entitled to claim the property as a homestead and recover under the statute of limitation. As stated, the appellee moved into the premises with her husband and continued to live upon and occupy the same thereafter for approximately thirteen years. We can hardly see how she could be classed as a successive occupant or possessor. The fact that the evidence does not show what disposition, if any, the court made of the premises in question in the divorce proceeding is of very little import. The title to the property had not been perfected under the ten year statute, therefore Haddaway had no interest at that time in the property to be partitioned.

Appellant charges the jury with misconduct and upon the hearing of his amended motion for new trial he placed four of the jurors upon the stand. After hearing their testimony the court overruled the motion. No findings of fact were filed by the court and none requested. Under such circumstances, the rule is well settled that where the testimony raises an issue of fact as to whether the misconduct actually occurred and the court overrules the motion, it is presumed that the court found that the misconduct did not occur, in support of the court's judgment. Besides, the testimony of the jurors consists principally of mental processes exercised by them in reaching their verdict and a verdict cannot be impeached in such manner. Denison v. Darden Lumber Co., Tex.Civ.App., 21 S.W.2d 574; Commercial Standard Ins. Co. v. Moore, 144. Tex. 371, 190 S.W.2d

811; Bradley v. Texas & P. Ry. Co., Tex. Com.App., 1 S.W.2d 861, 863; Sproles Motor Freight Lines, Inc., v. Long, 140 Tex. 494, 168 S.W.2d 642. Therefore, this proposition is overruled.

We have considered all other assignments raised by appellant and they are overruled.

The judgment of the trial court is reversed and remanded as to Gribble. The judgment in respect to Mrs. Lightfoot is affirmed.

### On Motions for Rehearing

The appellant and appellee Gribble have each filed their motion for rehearing but we will discuss only one or two assignments of error raised by the appellant.

Appellant contends that this court was in error in holding that an operative presumption of adverse claim arose from the possession of Haddaway because the evidence shows that he abandoned the property before he had maintained possession of it for ten years, and therefore any presumption of adverse claim was as a matter of law rebutted. He also contends that the court erred in holding the adverse possession of Haddaway could be tacked to the adverse possession of his divorced wife, for the reason that the evidence did not show that his divorced wife took Haddaway's adverse claim by gift, devise or inheritance.

The evidence does not show why Haddaway left the premises in question, whether he was forced to leave or that he left voluntarily. The record is absolutely silent in this respect, except that his wife secured a divorce from him in March 1941, since which time he has not occupied said premises. He had no claim to the property at that time because his title had not ripened under the statute of limitations, but his wife moved into the premises with him in 1933 and she remained in possession and occupied the same after the divorce was granted until the house burned in 1947. The court submitted only one issue on this phase of the case, as follows: "Do you find from a preponderance of the evidence that for any period of ten consecutive years prior to January 27, 1947, and subsequent

to September 1933, that Mrs. Ruby Lightfoot had peaceable and adverse possession of Lot 29 in Block 2 in the Nelson Beall Addition to the City of Waco, McLennan County, Texas, also known as 712 Earle Street in Waco, using and enjoying the same?" to which the jury answered "Yes". Appellant filed no objection to said issue nor did he request any additional issue. She was not a successive occupant or possessor but had remained in the premises during the entire time, occupying, using and claiming the same for more than thirteen years.

Wherefore, appellant's motion for a rehearing is in all things overruled.

Appellee Gribble's motion is also hereby overruled.

TIREY, Justice (dissenting).

After further consideration of appellant's motion for rehearing, I am of the opinion that the unanimous opinion of this court which held in effect that the evidence was sufficient to sustain Mrs. Lightfoot's plea of limitation to Lot 29 in Block 2 of the Nelson-Beall Addition to the City of Waco is erroneous and to that extent I think appellant's motion for rehearing should be granted and, for that reason, file my dissent.

The opinion of the court referred to points out that Mrs. Lightfoot, while the wife of Haddaway, went into possession of the property with Haddaway as trespassers in September, 1933, and occupied the same until sometime prior to March, 1941, when she secured a divorce from her husband, and he voluntarily abandoned the property. Mrs. Lightfoot continued in possession of the property and occupied the same as a home with their children until the house burned in 1947. Haddaway did not testify in person or by deposition and the evidence shows that he is now living in California. It is appellant's contention that the claim of Mrs. Lightfoot of ownership during coverture by reason of her marriage to Haddaway would not be available to her for the purpose of limitation, since the law vests in the husband the management and control

of the community property and gives the husband the power and authority to select and designate the homestead. I think this contention should be sustained. See Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453; Warren v. Haverkorn, Tex.Civ.App., 191 S.W.2d 793; Eldridge v. Parish, 6. Tex. Civ.App. 35, 25 S.W. 49; Madison v. Fleming, Tex.Civ.App., 283 S.W. 589; and Coler v. Alexander, 60 Tex.Civ.App. 573, 128 S.W. 664.

There is no doubt that so long as Mrs. Lightfoot lived on the property with her husband Haddaway and occupied and used the same as a homestead that the presumption prevailed that Haddaway was claiming the property as a homested for himself and family; but when Haddaway and his wife became divorced and he voluntarily abandoned the property and made no further claim to it, this presumption vanished. Since the evidence is without dispute that Haddaway is still living and the record is silent as to any claim he might have made to the property as a homestead, save and except the presumption that obtained by reason of his living thereon with his family, and since he abandoned the property voluntarily such presumption vanished as a matter of law. Since such presumption vanished as a matter of law, Mrs. Haddaway had nothing on which "to tack" her possession; and my view is that she failed to carry her burden showing possession in compliance with the ten year statute of limitations. Art. 5510, Vernon's Ann.Civ.Stats. My view is that this voluntary abandonment by Haddaway, the former husband of Mrs. Lightfoot, distinguishes this case from the uniform holding of our courts in the application of the law where one of the spouses died before their title ripened under the statute of limitation, as pointed out in the original opinion and the authorities there cited.

Believing that Mrs. Lightfoot failed to carry her burden, my view is that appellant's motion for rehearing, to the extent here pointed out, should be granted and the judgment of the trial court, for the reasons stated, should be reversed and judgment rendered in this behalf.