**THOMPSON et al. v. RICHARDSON.**
(No. 138-3049.)

(Commission of Appeals of Texas, Section B.
May 19, 1920.)

1. **Adverse possession** ⚖⇒60(4)—**Right under statute dates from repudiation of recognition of true title.**

Where possession is taken of another's land, but in recognition of true title and constructive possession of title holder, occupant is in possession in subjection to recognized title, and cannot perfect claim of title or defense under 10-year adverse possession statute as against true owner without bringing to his notice a repudiation of the recognition and of assertion of adverse claim, from which his right under statute must date.

2. **Adverse possession** ⚖⇒60(3)—**Admission of other title by claimant before completion of bar defeats title.**

An admission of title in another, by claimant under 10-year adverse possession statute, before bar of statute is complete, will defeat his own title by limitations.

3. **Adverse possession** ⚖⇒68, 85(1), 115(5)—**No color of title necessary under 10-year statute; possession presumed adverse; assertion of claim to land a jury question.**

Under 10-year adverse possession statute, no deed to land is necessary, and no muniment of title is required, but possession in compliance with statute in absence of contrary evidence carries presumption it is under claim to land, though, where evidence raises issue as to assertion of claim of which the possession is notice, it becomes a jury question, and finding is conclusive.

4. **Adverse possession** ⚖⇒112 — **Burden on claimants to show possession beyond inclosure.**

Burden was upon defendants claiming land beyond their inclosure under the 10-year adverse possession statute to show that their possession extended to such land.

5. **Adverse possession** ⚖⇒107—**One who takes possession without memorandum and claims only portion inclosed cannot hold excess.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5676, one who takes possession of land, without written memorandum, asserting claim only to the part actually inclosed, cannot hold in excess of the inclosure, though if his improvements cover less than 160 acres, and he claims the whole, he can perfect title by limitations to such portion of the adjoining outlying survey as is requisite to make his holding comprise 160 acres.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by Ben M. Richardson against J. Thompson and others. From the judgment for plaintiff, defendants appealed to the Court of Civil Appeals, which affirmed (186 S. W. 275), and defendants bring error. Judgment of the Court of Civil Appeals affirmed.

Miller & Miller, of Athens, Simkins & Simkins, of Corsicana, and Faulk & Faulk, of Athens, for plaintiffs in error.

Richardson, Watkins & Richardson, of Athens, for defendant in error.

SADLER, P. J. For convenience, we will refer to the parties as they were styled in the trial court. The plaintiff, Ben M. Richardson, brought this suit in trespass to try title to recover from the defendants, Jake and William Thompson, the John F. Hollien survey of 320 acres of land, in Henderson county. The defendants answered by pleas of not guilty, and each pleaded limitation under the ten years' statute as to 50 acres in the southwest corner of the survey. William Thompson claimed a tract beginning at the southwest corner; running east 300 varas; north 1,048 varas; west 300 varas, to the west boundary line; south 1,048 varas, to beginning. Jake claimed 50 acres, beginning 300 varas east of the southwest corner; north 1,048 varas; east 300 varas; south 1,048 varas; west 300 varas.

The jury returned the following verdict:

"We the jury find for the defendants William Thompson and wife, Mary Jane Thompson, a portion of part of the Hollien survey, beginning at the southwest corner and running east 300 varas; thence north far enough to take in his (William Thompson's) house; thence west 300 varas; thence south to the place of beginning.

"(2) We the jury find for the defendant Jake Thompson and wife, Lou Thompson, a portion of the Hollien survey beginning 300 varas east of the southwest corner of said Hollien survey and running east 150 varas; thence north 175 varas; thence west 150 varas; thence south to the place of beginning."

Judgment was rendered in accordance with the verdict of the jury. On appeal, this judgment was affirmed. 186 S. W. 275, and writ of error granted to the affirmance.

The evidence presents the issue of whether or not, at the time the defendants took possession of the land awarded them by jury, they did so in the view that it was a part of another survey, upon which they were seeking to establish their homes, and in which they were seeking to obtain title by limitation. It also raises the issue as to whether the defendants, in taking possession of the land awarded by the jury, did so claiming the whole or any portion of the Hollien survey in excess of their inclosures.

The further issue is raised by the evidence as to whether they were in occupancy of the land awarded them by the jury in recognition of the title of the true owner of the land as to all that portion of the survey not cov-

---

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ered by their improvements as awarded by the jury.

### Opinion.

The sole question presented by the application for writ of error is incorporated in the proposition that—

"If there was adverse possession of the two tracts of 4 and 9 acres as the jury found, then there was adverse possession to the several 50 acres claimed by the plaintiffs in error."

The contention is made by the petitioners that, limitation having been asserted to the respective 50-acre tracts described by metes and bounds in the pleas, and the jury having found for defendants as to those portions of each 'tract covered by their improvements, this was a finding in support of their claim of limitation to the extent of the boundaries described in their answers, and that the court should have adjudged to them the respective 50-acre tracts. In treating this assignment, the Court of Civil Appeals held:

"The remaining assignment of error contends that the verdict of the jury respecting limitation is contrary to the evidence and the law. Concluding, as we have, that there is evidence in the record from which the jury could find, as they did, that the actual adverse possession of the defendants to the time of bringing the suit by the appellee extended only, in point of fact, to the area of land described in their verdict, the assignment of error should, it is believed, be overruled. That the actual adverse possession of each defendant extended in fact to a less area of land than that claimed by them in their answer would not afford a sufficient ground to set the verdict aside."

We have carefully examined the entire statement of facts. We think that it sustains the Court of Civil Appeals in the conclusion reached. In our view, the evidence raises the issue of whether, in fact, the defendants held such "adverse possession" of that portion of the land involved lying without their inclosures as will support the ten years' statute.

Counsel for petitioners are rather caustic in their criticism of that portion of the opinion in Stevens v. Pedregon, 106 Tex. 576, 173 S. W. 210, wherein Chief Justice Brown says:

"We are of opinion that the evidence does not prove the acts of ownership necessary to make the possession which is claimed by the defendant sufficient to bar the plaintiff's right. In the first place, he made no claim of right to the land. The statute, specifically required that he should enter under a claim of right, but he entered with the avowed purpose of acquiring the title by possession, and not for the purpose of enjoying the property which he claimed to belong to him. He had no such possession as the law required."

On a casual reading this may confuse; but we are of opinion that, rightly understood, it is a proper construction of the "adverse possession" statute. The fundamental basis. upon which rests the limitation statute is that the one who asserts title by limitation must have taken possession of the property with the intention to assert a claim to the land, and that his possession must be such as will bring notice to the title holder of his claim. These two fundamentals existing, require of the title holder diligence; and, should he permit them to continue for the period necessary to complete the bar, then he is precluded from an assertion of title against such possessing claimant. Or, conversely, if the title owner permits the claim and possession to continue for the statutory period, the title is conclusively presumed to vest in the claimant.

[1] Where possession is taken of the land of another, but, at the time such possession is taken, it is in recognition of the true title and the constructive possession of the title holder, the occupant is in possession in subjection to the recognized title. He cannot perfect a claim of title or defense under the statute as against the true owner, without bringing to his notice a repudiation of the recognition, and of the assertion of an adverse claim. The right to shield his possession under the statute, or to carve an estate, dates only from his repudiation. Houston Oil Co. v. Jones (Sup.) 198 S. W. 290; Roseborough v. Cook, 108 Tex. 364, 194 S. W. 131; Davis v. Howe, 213 S. W. 609.

[2, 3] The fact that such an admission by the claimant, before the completion of the bar, will defeat limitation, supports the proposition that possession must be taken under an assertion of claim to the land, in order to start the running of the statute. Under the ten years' statute, no deed is necessary; no muniment of title is required; and the possession in compliance with the terms of the statute, in the absence of evidence to the contrary, carries with it the presumption that it is held under a claim to the land. However, where the evidence raises the issue as to the assertion of a claim of which the possession is notice, it then becomes a jury question, and their finding is conclusive. The evidence in this regard tends to show that, at the time the defendants went into possession of the land given them by the jury, they then were asserting claim, not to the Hollien survey, but to the land covered by their improvements as a part of another survey, and that their possession of the land improved was not, as to the owners of the Hollien survey, in virtue of a claim to that survey.

[4] The burden was upon them to show that their adverse possession extended to the land lying without their inclosures. The jury verdict is equivalent to a finding that their assertion of claim extended only to their inclosures, and negatives their claim

to any portion of the Hollien survey lying without such inclosures. Their pleadings recognized a joint possession as to the uninclosed portions of the two 50-acre tracts with the plaintiff.

[5] We do not understand article 5676, Vernon's Sayles' Statutes, to comprehend that where one, without written memorandum, enters into possession of land, asserting a claim only to that portion which he actually incloses, he can hold in excess of such inclosures. The statute does permit the occupant who takes possession of a tract of land—except as comprehended in article 5678—under a claim to the whole, but whose improvements cover less than 160 acres, to perfect title by limitation not only to the improved portion of the land, but also to such portion of the adjoining outlying survey as is sufficient to make the complement necessary to comprehend within his possession 160 acres. The claim being to the whole tract, the statute attaches to the occupancy of that which is actually inclosed, sufficient of the uninclosed survey to make 160 acres; thus carrying the occupancy of the inclosed portion by virtue of law to the extent of the boundaries of a tract of 160 acres. But for the issue raised by the evidence and settled by the jury, defendants' occupancy and possession of the land awarded them by the verdict may have been extended under the statute to the land described in their answers.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.