## PANHANDLE & S. F. RY. CO. v. HOFFMAN. (No. 2041.)*

(Court of Civil Appeals of Texas. Amarillo. March 21, 1923. Rehearing Denied April 4, 1923.)

1. **Adverse possession ⬤⟿109—Title by limitation not divested by expression of opinion of vendor after parting with title.**

Where defendant in trespass to try title in suit begun in 1921 claimed under conveyances to G. in 1909, and deed from G. to K. in 1915, and from K. to defendant in 1919, evidence of G. that it was two or three years ago that he first learned of plaintiff's claim, and that he never recognized title in plaintiff, but said he would have turned the land over to plaintiff if it had come to him after he had bought it, and told him it belonged to plaintiff, being made

after K. parted with title, could not defeat claim asserted by defendant.

2. **Names ⬤⟿18—Evidence identified Keever as grantee Keefer.**

Evidence of "Keever" that he was grantee "Keefer" in chain of title under which defendant claims under the 5 and 10 year statute, in the absence of an objection made during trial, was sufficient to prove identity.

3. **Adverse possession ⬤⟿43(4)—Delay in filing deed held not unreasonable.**

Where grantee stated that he was the tenant of grantors until he received a deed to the property, and that he filed it for record as soon as it was delivered to him, any alleged delay in recording cannot be held as unreasonable.

4. **Adverse possession ⬤⟿95 — Evidence that taxes were paid as they accrued held sufficient.**

In trespass to try title, where defendant claimed under the 5 and 10 year statute, and the substance of the evidence was that taxes were paid during that period as they accrued, it was sufficient to show payment thereof.

5. **Adverse possession ⬤⟿100(1)—Actual appropriation constitutes ouster of constructive possession of owner.**

An actual and visible appropriation of land by an adverse claimant constitutes an ouster of the constructive possession of the owner.

6. **Adverse possession ⬤⟿116(4)—"Continuous" possession is "unbroken" possession.**

Where the court instructed that the adverse possession must be continuous, there was no error in refusal of special instruction that possession must be "continuous and unbroken"; as "continuous" is synonymous with "unbroken."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Continuous.]

7. **Appeal and error ⬤⟿1066—Charge that it is not necessary that claimant have knowledge of other claims held not prejudicial.**

In trespass to try title, where defendant claimed under the 5 and 10 year statutes, an instruction that it was not necessary that one claiming by adverse possession have knowledge of other claims to the land was not prejudicial, notwithstanding evidence of a grantor in defendant's chain of title that he did not know he was on plaintiff's lands, and that he would have surrendered them if plaintiff had made known its claim and demand.

8. **Adverse possession ⬤⟿31—Owner charged with notice if all elements of adverse possession concur.**

If all the elements of adverse possession concur, the owner is charged with notice whether he receives it or not, unless some character of trust relation exists between the parties.

Appeal from District Court, Hemphill County; W. R. Ewing, Judge.

---

Trespass to try title by the Panhandle & Santa Fé Railway Company against B. A. Hoffman. Judgment for defendant, and plaintiff appeals. Affirmed.

Hoover, Hoover & Willis, of Canadian, for appellant.

Sanders & Jennings, of Canadian, for appellee.

KLETT, J. B. A. Hoffman, defendant in a trespass to try title suit filed by appellant, Panhandle & Santa Fé Railway Company, claimed title to a fraction of an acre of land in Canadian, Hemphill county, Tex., under the 5 and 10 years' statutes of limitation. Both pleas were submitted to a jury and answered in favor of appellee, for whom judgment was rendered. The conveyances under which appellee claims are as follows: Deed to Geo. Gerlach and Henry Barton, dated November 19, 1909, and filed for record March 1, 1910; deed from Geo. Gerlach and Henry Barton to Dr. William "Keefer," dated November 29, 1915, and filed for record February 19, 1916; and deed from William Keever and wife to appellee B. A. Hoffman, dated September 23, 1919, and filed for record September 29, 1919. Gerlach and Barton had the land surveyed and staked by the county surveyor as soon as they bought it, and in 1910 they fenced it and began using and cultivating it by tenant and otherwise. They occupied the land and raised alfalfa and sorghum on it, and in the winter time let stock run on it. William Keever was tenant on the land for part of the period claimed by Gerlach and Barton. After Keever acquired deed he made similar use of the land, and built a house and was living on it within two months after his purchase. He raised onions, tomatoes, cabbage, and peas, and worked the land all the time, and also pastured his stock on it. Hoffman likewise used the land after he acquired it, and cultivated all of it by planting wheat and oats and growing vegetables. He also had his poultry farm on this land. Each of the grantees named claimed the land while he owned it, paid the taxes as they accrued, and knew of no adverse claim on the part of the railway company. The evidence is sufficient to show a continuous use and possession for more than 10 years before the filing of plaintiff's suit on January 18, 1921.

[1] Gerlach testified, inter alia, that it was two or three years ago that he first learned of the railway company's claim, and that he never recognized any title in the plaintiff, but said, in substance, that he would have turned the land over to the company if it had come to him after he bought the land, and told him that it belonged to the company. The appellant's first, fifth, and tenth propositions are that such statement, though made by the vendor after he has parted with title, defeats the claim of title by limitation asserted by subsequent purchasers. We are unable to concur in this view, especially so when the title has become vested after the lapse of the statutory period. Title by limitation is acquired when an adverse claimant has had peaceable and adverse possession for the period fixed and in the manner defined by statute. The law gives effect to certain acts. The hostility of the possession is to be determined by what was done, and not by what might have been done, and certainly the title which defendant has perfected by limitation should not be divested by the subsequent expression of an opinion of the vendor after the latter has parted with his title. Bruce v. Washington, 80 Tex. 368, 15 S. W. 1104; 2 C. J. 256, § 560. This view of the law forces us to overrule appellant's nineteenth, twentieth, twenty-first, twenty-second, twenty-third, twenty-fourth, twenty-fifth, and twenty-sixth propositions, and to sustain the action of the trial court in giving the defendant's third requested charge, reading as follows:

"You are instructed that, where one has had peaceable and adverse possession of land, as in the court's main charge defined, and has paid taxes on same as they accrued for a period of 5 years, and has transferred the same to another or others, no recognition of title or right to possession made by the original vendor upon information obtained after he had parted with the title could affect the subsequent holder's right to claim the benefit of the statute of limitation obtained by the adverse possession of the original vendor."

[2] The appellant says there is no evidence to show "Keefer" is the same person as Keever but we find that Keever testifies that he is the man who bought the land in controversy from Gerlach and Barton on the date named in the deed. We think the evidence was sufficient to prove identity in the absence of objection made during the trial. Knox v. Gruhlkey (Tex. Civ. App.) 192 S. W. 334.

[3] Appellant says the delay in recording the deed from Gerlach and Barton to Keever was unreasonable. The testimony of Keever is that he was tenant for Gerlach and Barton until he received deed to the property, and that he filed the deed for record as soon as it was delivered to him. Hence we cannot say the delay was unreasonable.

[4] The sufficiency of the evidence to show payment of taxes is questioned. The substance of the evidence is that the taxes were paid as they accrued. We regard this as sufficient. Allen v. Woodson, 60 Tex. 651; Morris v. Moore (Tex. Civ. App.) 216 S. W. 895 (writ refused).

[5] The continuity of possession has been attacked, but the appellant does not point out any break. The appellant also asserts that the defendant's possession has not been exclusive for the reason that the company

has had concurrent possession, at least of a constructive nature, in that the company has been using part of the land for purposes of right of way. An examination of the record reveals the fact that the land in controversy is part of a much larger survey previously acquired by the company, but there is nothing to show that the company has ever made use of the tract in controversy. The roadbed was constructed upon another portion of the larger survey. An actual and visible appropriation of the land by an adverse claimant constitutes an ouster of the constructive possession of the owner. Ballard v. Perry, 28 Tex. 368.

[6] Under the eleventh and twenty-eighth propositions appellant complains of the refusal of the court to give the jury a special instruction that possession must be "continuous and unbroken." The court had instructed the jury that the possession must be continuous, and we think the charge would not be improved by adding that the possession must be unbroken, as the word "continuous," in our opinion, is synonymous with the word "unbroken." Evans v. Scott, 37 Tex. Civ. App. 373, 83 S. W. 876.

[7] The defendant's second special charge, given by the court, instructed the jury that it is not necessary that the person claiming adverse possession have knowledge of other claims to the land in controversy. Under its fourteenth, fifteenth, sixteenth, and seventeenth propositions the appellant has advanced many objections to this charge. The appellant insists that the charge was prejudicial in view of Gerlach's testimony that he did not know he was on the railway company's lands, and that he would have surrendered the land to the company if it had made known its claim and demand. The court charged the jury that adverse possession is the actual and visible appropriation of land commenced and continued under a claim of right hostile to and inconsistent with the claim of another and we fail to see how claimant's knowledge of the owner's title can prevent his possession being adverse. If such were the rule one might argue that an adverse claimant is defeated because charged by law with the knowledge that the records show the superior title of the owner. Of course if the occupant's knowledge had induced him to recognize the plaintiff's superior title, the adverse possession would be broken; but the court gave plaintiff's fourth requested charge, to the effect that a recognition by a claimant of the superior title of another will defeat adverse possession.

[8] The appellant complains in the twenty-seventh proposition of the court's refusal to charge the jury that the possession must be actual residence, "or such cultivation, use, and enjoyment of the same for 10 years by visible and notorious acts of ownership as

would give notice to the owner and others of such adverse possession." We think that, aside from the fact that the court had furnished all the instructions necessary by giving statutory definitions, the charge requested was more onerous than the law requires. If all the elements of adverse possession, as prescribed by law, concur, the owner is charged with notice whether he receives it or not, unless some character of trust relation exists between the parties: Roseborough v. Cook, 108 Tex. 366, 194 S. W. 131.

Wherefore the judgment of the trial court is affirmed.