## CAUBLE v. HALBERT.    (No. 10314.)

(Court of Civil Appeals of Texas. Fort Worth. June 16, 1923. Rehearing Denied Oct. 20, 1923. Dismissed for Want of Jurisdiction Nov. 21, 1923.)

**1. Adverse possession ⟨key⟩70—Record title necessary under 25 years' statute.**

Under Vernon's Ann. Civ. St. Supp. 1922, art. 5684a, for 25 years' adverse possession to bar action for land, the one claiming its benefit must have record title.

#### On Motion for Rehearing.

**2. Adverse possession ⟨key⟩58—To bar action, 25 years' possession must be adverse.**

The proviso to Rev. St. art. 5684, as amended by Acts 1919, 2d Called Sess., c. 55, § 1 (Vernon's Ann. Civ. St. Supp. 1922, art. 5684), considering the amendatory act as a whole, in the light of its caption, *held* not to make 25 years' mere possession, with use and enjoyment of land, a bar to recovery, but to bar action after requisite adverse possession for that time, notwithstanding any disability of plaintiff.

**3. Adverse possession ⟨key⟩43(3)—Grantor's possession of lands other than deeded not tacked to that of grantee.**

Though defendant took possession of all the land in his grantor's inclosure, yet the sale and deed, having been of only those lands in the inclosure of which grantor had record title, grantor's previous possession of land in the inclosure to which he had no record title, and which he testifies was not adverse, could not be tacked to that of defendant to make out his claimed 25 years of adverse possession thereof.

Appeal from District Court, Throckmorton County; W. R. Chapman, Judge.

Action by C. P. Halbert against C. M. Cauble. From an adverse judgment, defendant appeals. Affirmed.

M. S. Long, of Abilene, and B. F. Reynolds, of Throckmorton, for appellant.

T. R. Odell, of Throckmorton, and Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for appellee.

DUNKLIN, J. C. P. Halbert recovered a judgment against C. M. Cauble for 30 acres of land, and the defendant, Cauble, has appealed.

The record shows that the land is included in deeds of conveyance under and through which the plaintiff claimed title, and was not included in any deed under or through which the defendant claimed title. But the defendant in his pleadings claimed title to the land by limitation, and that is the only issue presented by him for determination on this appeal, the only assignment of error presented reading as follows:

"Because the court erred in not instructing the jury to render a verdict in this case in

favor of the defendant, for the reason that all of the evidence shows that he and those under whom he claims have been in the peaceable and adverse possession of the same for more than 25 years."

Article 5684a, 1922 Supp. Rev. Statutes, which was enacted by the Thirty-Sixth Legislature at its Second Called Session, as shown in chapter 55, § 2, Acts of 1919, reads as follows:

"On and after the first day of November A. D. 1920, a person who has had, and held the peaceable and adverse possession of lands, tenements and hereditaments, the title to which has passed out of the state, using and enjoying the same under deed or deeds duly recorded constituting a regular chain of title for a period of twenty-five years immediately preceding shall have a good marketable title thereto."

Title by limitation under that article of the statute was specifically pleaded by the appellant in his answer.

The undisputed evidence shows that the land in controversy is included in the south 200 acres of survey No. 1193, patented to the Texas Immigration Company, and that, according to the deed records, legal title to that 200 acres is vested in the plaintiff, Halbert. The proof also shows that the 200 acres so owned by the plaintiff adjoined what is known as the Shirley pasture. The Shirley pasture was formerly owned by J. A. Matthews, and was fenced by him in 1884 or 1885, at which time the land in controversy was included in the inclosure so fenced. Matthews so held possession until the year 1902 when he sold to the defendant Cauble the lands inclosed in that pasture to which he held deeds, and Cauble has held possession of the land so conveyed and also the 30 acres continuously from the date of his purchase in controversy up to the date this suit was instituted, which was September 17, 1921.

The case was submitted to a jury on special issues, which issues, together with findings thereon, are as follows:

"1. Did the defendant have peaceable and adverse possession of the land in controversy continuously for 10 years next preceding September 20, 1921? Ans. No.

"2. Did the inclosure of defendant in which the land in controversy is located contain less than 5,000 acres continuously for 10 years next preceding September 20, 1921? Ans. No.

"3. Did the defendant and J. A. Matthews have peaceable and adverse possession of the land in controversy continuously for 25 years next preceding September 20, 1921? Ans. No."

The testimony introduced was sufficient to support the jury's findings that neither the possession of the defendant nor that of Matthews, through whom the defendant claimed, was adverse to the plaintiff's claim of title. Matthews himself was introduced as a witness, and expressly testified to that effect. While, according to the testimony of the defendant, his possession was adverse, yet, according to the testimony of other witnesses, he made declarations during such possession clearly indicating that he did not claim title to the land while it was in his inclosure.

[1] Furthermore, the statute of limitation of 25 years, which is the only statute of limitation invoked by appellant on this appeal, has no application, because of the fact the land in controversy was not included in any deed of conveyance under which appellant claimed title. In other words, a record title to land in one claiming the benefits of that statute is a necessary prerequisite to sustain such claim.

Accordingly appellant's assignment of error is overruled, and the judgment is affirmed.

### On Motion for Rehearing.

We were in error in the opinion on original hearing in saying that the plea of limitation, upon which appellant relied, was based on article 5684a, Texas Complete Statutes, 1920 or Vernon's Ann. Civ. St. Supp. 1922. His plea of limitation, upon which he relied in the trial court, and which is urged in this court, reads as follows:

"And further and specially answering herein, this defendant alleges and shows to the court that the defendant, and those under whom he claims title, have had and held the land claimed in the plaintiff's petition, in peaceable and adverse possession, for a period of more than 25 years next preceding the filing of this suit, having said land inclosed under a good and substantial fence, and using and enjoying the same and using the same for the purpose of grazing cattle and horses and other stock, wherefore this defendant says the plaintiff is now barred by the statutes of limitation from asserting any claim to said land, and this defendant especially pleads the statutes of limitation in bar of this suit."

An act of the Legislature was passed in 1919 (see Acts of Second Called Session, c. 55, p. 139, the caption of which is as follows:

"An act to amend article 5684, of the Revised Civil Statutes of 1911, so as to limit the time in which a person, under twenty-one years of age, or in the military or naval service of the United States, in time of war, or of unsound mind, or imprisoned may institute suit for the recovery of real estate, and by adding after said article a new article to be known as article 5684a, so as to provide that a person having peaceable and adverse possession of lands, tenements or hereditaments, the title to which has passed out of the state, using and enjoying the same, under deed or deeds duly recorded constituting a regular chain of title, for a period of twenty-five years, shall have a good marketable title thereto, and declaring an emergency."

The following is the act itself in full:

"Section 1. That article 5684 of the Revised Civil Statutes of State of Texas, of 1911, be amended so as to hereafter read as follows:

"Article 5684. If a person entitled to commence suit for the recovery of real property or to make any defense founded on the title thereto, be at the time such title shall first descend or the adverse possession commence:

"(1) A person, including a married woman, under twenty-one years of age, or

"(2) In time of war, a person in the military or naval service of the United States, or

"(3) A person of unsound mind, or

"(4) A person imprisoned, the time during which such disability or status shall continue shall not be deemed any portion of the time limited for the commencement of such suit, or the making of such defense; and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this chapter; providing that on and after the first day of November, A. D. 1920, the period of limitation shall not be extended so as to authorize any person who has the right of action for the recovery of any lands, tenements, hereditaments to institute suit therefor against another having peaceable and adverse possession thereof, using and enjoying the same after the expiration of twenty-five years next after the cause of action shall have accrued, and provided further that this article shall in no way affect suits pending when this act takes effect, and all such suits shall be tried and disposed of under the law then in force.

"Sec. 2. That there be added after article 5684 of the Revised Civil Statutes of the State of Texas, of 1911, as herein amended, a new article to be known as article 5684a, as follows:

"'Article 5684a.' On and after the first day of November A. D. 1920, a person who has had, and held the peaceable and adverse possession of lands, tenements and hereditaments, the title to which has passed out of the state, using and enjoying the same under deed or deeds duly recorded constituting a regular chain of title, for a period of twenty-five years immediately preceding shall have a good marketable title thereto.

"Sec. 3. The fact that there is no limit on the time in which certain persons may bring suit for real estate and the fact that the calendars of both houses of the Legislature are crowded creates an emergency and an imperative public necessity, calling for the suspension of the constitutional rule requiring bills to be read on three several days and said rule is hereby suspended and this act shall take effect and be in force from and after its passage, and it is so enacted."

While the plea of limitation does not designate the particular article of the statute upon which it is based, it is apparent that it was predicated on Article 5684 as amended by that act (Vernon's Ann. Civ. St. Supp. 1922, art. 5684), as asserted by appellant in his motion for rehearing. Appellant relies upon the following proviso in the fourth subdivision of article 5684 as amended, which reads as follows:

"Providing that on and after the first day of November, A. D. 1920, the period of limitation shall not be extended so as to authorize any person who has the right of action for the recovery of any lands, tenements, hereditaments to institute suit therefor against another having peaceable and adverse possession thereof, using and enjoying the same after the expiration of twenty-five years next after the cause of action shall have accrued."

He insists that appellee's cause of action accrued at the time J. A. Matthews fenced the land, which was in the year 1884 or 1885, and that by reason of that fact, in connection with the possession of the land by him, appellant showed no right of recovery. In argument by counsel for appellant, it is said that the whole case depends on what construction the higher courts place on article 5684 of the Statutes, as that article now reads. With special reference to the proviso quoted from that article, his counsel further argues as follows:

"As we view it, this act of 1919 was made expressly for the purpose of stopping litigation in lands after a certain length of time, and it seems to us the time is very liberal; otherwise we cannot see the object of making this express provision in the law, for already we have 3, 5, and 10 years' statutes of limitation which would seem to answer all purposes of limitation."

[2] When the act is read as a whole, in the light of its caption, we believe that the proviso quoted from article 5684 should be construed as meaning that in no event can one laboring under any of the disabilities mentioned recover title to land of another who has held peaceable and adverse possession using and enjoying the same for a period of 25 years, however long such disability may have continued next after the cause of action accrued.

[3] According to the express terms of the proviso, the use and enjoyment of the land under peaceable possession for a period of 25 years would not perfect title unless such possession has been adverse; and, as noted above the jury found that neither the possession of appellant nor that of J. A. Matthews was an adverse possession. Appellant invokes the decision of Panhandle & S. F. Ry. v. Hoffman, by the Court of Civil Appeals of Amarillo, 250 S. W. 246, to support his contention that the testimony of J. A. Matthews, introduced by appellee to show that Matthews' possession of the land, using the same for pasturing stock, from the year 1884 or 1885 up to the year 1901, when Matthews sold the Shirley pasture in which the land in controversy was included, was incompetent to prove that such possession was not adverse. He insists, in effect, that adverse possession in Matthews was established by the following testimony given by Matthews on the stand in addition to the facts recited above:

"Before I sold to Mr. Halbert, I exercised absolute control over the entire lands that I had fenced; I did not recognize anybody else as having any rights in there."

The evidence shows beyond controversy that the land was inclosed within what is known as the Shirley pasture, which was supposed to include approximately 10,000 acres. Matthews held deeds of conveyance to all of that land except the land in controversy and possibly another small tract, which was later excluded from the inclosure with Matthews' consent. When Matthews delivered possession of that pasture to appellant, Cauble, he did not execute any deed of conveyance to the land in controversy, but did execute to him a deed conveying all the land therein inclosed to which he had a record title. That fact, of itself, distinguishes this case from the case cited. If Matthews acquired title by limitation, he still owns it, so far as this record shows, and appellant is in no position to claim the same for him by limitation, especially against his desire in the matter, and it conclusively appears that appellant's possession has continued less than 25 years. We are of the opinion further that appellant's contention must be overruled upon such authorities as Warren v. Fredericks, 83 Tex. 380, 18 S. W. 750; Chapman v. Dickerson (Tex. Civ. App.) 223 S. W. 318; Thompson v. Richardson, (Tex. Com. App.) 221 S. W. 952; Durham v. Houston Oil Co. (Tex. Com. App.) 222 S. W. 161.

Furthermore, J. A. Matthews also testified, in substance, that he never knew that his pasture fence inclosed land that he did not own, and testified as follows:

"I never claimed any land in that pasture except what I had deeds to; I never did undertake to claim or undertake to hold any land by limitation; if there was any land in there that was not claimed by anybody else I claimed it.

"I did not hardly expect that west line to be on the west line, because I think there is a little bit of offsets in those lines; in those days there wasn't a great deal of attention paid to absolutely correct lines; we just run the fence where it was most convenient in the neighborhood of the line, but with no intention of taking a neighbor's land. If I had found I had some one else's land in there I would have fenced it out. * * *

"I never claimed any land, never put up any claim to any land if the fence was not on the line, and I am not surprised at it being off the line. * * *

"I never did at any time say that I would not have that fence straightened, and I always told any one if I had any of their land fenced it was theirs, and I wanted them to have it. I don't remember any one coming to me in regard to the west line, but if Mr. Halbert or any one else who owned that land had come to me and asked me whether or not I claimed adversely to him the part that would be crooked off, I wouldn't have hesitated to tell them if it was his it was his; I did not claim anything except the surveys, and I didn't absolutely sell Mr. Cauble all the land inside of that fence, I sold him by surveys."

Until adverse possession began, the cause of action did not accrue. In the absence of any statute of limitation, appellee showed a right of recovery, since he established a record title by proper instruments of conveyance back to the sovereignty of the soil. Appellant introduced no deed of conveyance to the property, but relied solely upon the statute of limitation of 25 years. The burden was upon him to establish that plea, and in order to do so it was necessary for him to show peaceable and adverse possession in himself or in him and those under whom he claimed title for a period of 25 years, and he is in no position to say that the cause of action asserted by plaintiff accrued prior to the beginning of such adverse possession.

The motion for rehearing is overruled.